UNITED STATES, Appellee

v.

Robert HURSEY, Jr., Airman
U.S. Air Force, Appellant

No. 00-0642

Crim. App. No. 33295

United States Court of Appeals for the Armed Forces

Argued February 6, 2001

Decided May 21, 2001

GIERKE, J., delivered the opinion of the Court, in which
CRAWFORD, C.J., and SULLIVAN and BAKER, JJ., joined. EFFRON, J.,
filed an opinion concurring in part and dissenting in part.

Counsel

For Appellant: Captain Kyle R. Jacobson (argued); Colonel James
R. Wise (on brief).

For Appellee: Captain Linette Romer (argued); Colonel Anthony P.
Dattilo and Major Lance B. Sigmon (on brief); Lieutenant
Colonel Ronald A. Rodgers,.

Military Judge: Edward M. Starr

**This opinion is subject to editorial correction before publication**.

Judge GIERKE delivered the opinion of the Court.

A general court-martial composed of officer members convicted appellant, pursuant to his pleas, of wrongful use of cocaine, in violation of Article 112a, Uniform Code of Military Justice, 10 USC § 912a. The court-martial sentenced appellant to a bad-conduct discharge, confinement for 179 days, forfeiture of $366.00 pay per month for 5 months, and reduction to the lowest enlisted grade. Pursuant to a pretrial agreement, the convening authority reduced the confinement to 5 months; he also reduced the monthly forfeitures to $249.00 but otherwise approved the sentence. The Court of Criminal Appeals affirmed the findings and the approved sentence in an unpublished opinion.

This Court granted review of the following issue:

> WHETHER THE MILITARY JUDGE ERRED BY PERMITTING REBUTTAL TESTIMONY OF A MILITARY JUSTICE PARALEGAL SPECULATING THAT APPELLANT HAD BEEN LATE FOR HIS COURT-MARTIAL.

For the reasons set out below, we affirm.

During the sentencing hearing, the prosecution presented documentary evidence from appellant's personnel records, showing the following infractions and derelictions:

> (1) A Record of Counseling dated November 22, 1995, for missing a dental appointment. (Prosecution Exhibit 4)
>
> (2) A Record of Counseling dated April 11, 1996, for failing to comply with Air Force shaving and grooming standards. (Prosecution Exhibit 5)
>
> (3) A Record of Counseling dated May 5, 1996, for missing appointments, being late for duty, failing to comply with personal appearance standards, spending too much time making personal telephone calls on duty, being slothful, and sleeping on duty. (Prosecution Exhibit 6)
>
> (4) A Letter of Reprimand dated May 28, 1996, for writing a bad check. (Prosecution Exhibit 7)

(5) A civilian conviction on September 1, 1996, for disorderly conduct, menacing, and criminal mischief by breaking the window of a police car.  (Prosecution Exhibit 8)

(6) A Record of Counseling dated February 7, 1997, for being late for work. (Prosecution Exhibit 9)

(7) A Record of Counseling dated May 29, 1997, for failing to maintain his dormitory room in an acceptable condition.  (Prosecution Exhibit 10)

(8) A Record of Nonjudicial Punishment for dereliction of duty by failing to answer his pager while on standby duty.  A suspended reduction in grade and a forfeiture were imposed on August 8, 1997.  (Prosecution Exhibit 11)

(9) A Letter of Reprimand dated December 4, 1997, for failing to report for duty or notify his supervisor. (Prosecution Exhibit 12)  This same misconduct and another similar incident were the basis for vacating the suspension of appellant's reduction in grade. (Prosecution Exhibit 13)

(10) A Letter of Admonishment dated January 20, 1998, for failing to report for duty and improper grooming. (Prosecution Exhibit 14)

Appellant introduced several documents, including letters of appreciation and a memorandum from a civilian co-worker.  The co-worker described appellant as "quiet," "low-key," and a "dependable sort of person that one could rely on to do his job." The co-worker believed "anyone can be rehabilitated" and stated that he would be willing to have appellant work with him. (Defense Exhibit J)

Over defense objection, the military judge permitted the command's noncommissioned-officer-in-charge (NCOIC) of the base Military Justice Division to testify in rebuttal that appellant's court-martial was scheduled to commence at 9:00 a.m. but was delayed until 11:00 a.m. because he "was under the assumption that the accused was not available."  Before overruling the

3

defense objection, the military judge stated that "in balancing under [Mil. R. Evid.] 403, I do not find that the prejudicial impact substantially outweighs the probative value." The military judge did not further articulate his reasoning.

The NCOIC testified that he called appellant's unit in an effort to find appellant, but he did not know why appellant did not arrive at the appointed time. On cross-examination, he was unable to say whether appellant was at fault or whether the delay was unavoidable or justified.

In his final sentencing argument, trial counsel reviewed appellant's long record of infractions and derelictions. He then commented on appellant's tardiness for the court-martial by arguing that a court-martial is "the ultimate wake-up call," but that appellant "doesn't even show up on time on the day of his court-martial." The military judge informed the members that he had taken judicial notice of the fact that the court-martial was scheduled to commence at 9:00 a.m. but was delayed until 11:00 a.m. at a judicially approved defense request.

We review evidentiary rulings for abuse of discretion. Mil. R. Evid. 403, Manual for Courts-Martial, United States (1998 ed.), applies to sentencing evidence. United States v. Rust, 41 MJ 472, 478 (1995). When a military judge conducts a proper balancing test under Mil. R. Evid. 403, the evidentiary ruling will not be overturned unless there is a "clear abuse of discretion." United States v. Ruppel, 49 MJ 247, 250 (1998). Military judges receive "less deference" if, as in this case, "they fail to articulate their balancing analysis on the record." United States v. Manns, 54 MJ 164, 166 (2000).

We hold that the military judge abused his discretion.  The NCOIC's testimony had virtually no probative value, because he had no knowledge of the reason for appellant's absence.  His testimony had the potential for wasting time by provoking a mini-trial on the reason for appellant's absence.  It had the potential of misleading the court members by suggesting, in a prejudicial manner and without basis, that appellant was so unreliable that he was absent without authority from his own court-martial.

We are satisfied, however, that the error was harmless.  Art. 59(a), UCMJ, 10 USC § 859(a).  Appellant pleaded guilty to a serious offense, punishable by a dishonorable discharge, confinement for 5 years, total forfeitures, and reduction to Airman Basic.  The court members imposed only a bad-conduct discharge, confinement for 179 days, partial forfeitures for 5 months, and reduction to Airman Basic.  Appellant's personnel record was replete with admissible evidence of misconduct and derelictions, including frequent tardiness.  Even if the members concluded from the NCOIC's testimony that on the day of his court-martial appellant had been tardy one more time, we can easily "say, with fair assurance, . . . that the judgment was not substantially swayed by the error."  Kotteakos v. United States, 328 U.S. 750, 765 (1946).

## Decision

The decision of the United States Air Force Court of Criminal Appeals is affirmed.

EFFRON, Judge (concurring in part and dissenting in part):

I concur with the majority's conclusion that the military judge erred in permitting speculative testimony creating the implication that appellant's unexplained absence was due to misconduct. I do not agree that the error was harmless.

The majority opinion makes two important observations, with which I agree, concerning the erroneously admitted testimony: (1) the NCOIC's testimony should have been excluded because it provided negligible information of probative value under the circumstances of this case; and (2) the testimony "had the potential of misleading the court members by suggesting, in a prejudicial manner and without basis, that appellant was so unreliable that he was absent without authority from his own court-martial." ___ MJ at (5). In effect, the testimony created the possibility that the members would view appellant as so contemptuous of military life that he did not take seriously the purpose of his court-martial or the impact of any delay on the members of the panel.

The majority opinion relies upon the relatively light sentence as an indication that the error was harmless. Under the circumstances of this case, the light sentence underscored the prejudicial impact of the error. It is noteworthy that even though the prosecution presented a sentencing case that included evidence of ten disciplinary infractions, the members opted to impose a

sentence that was significantly less severe than the maximum allowable punishment. This indicates that the members carefully weighed all the positive and negative evidence, including the erroneously admitted testimony, and that they did not view the prosecution's sentencing case as particularly overwhelming.

Under these circumstances, I cannot say with fair assurance that the sentencing result was reliable. Accordingly, I respectfully dissent on the issue of prejudice.