# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Airman First Class JUSTIN A. CRAKOW
### United States Air Force

### ACM S32185

### 12 May 2015

Sentence adjudged 10 September 2013 by SPCM convened at Nellis Air Force Base, Nevada. Military Judge: William C. Muldoon (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 75 days, and reduction to E-1.

Appellate Counsel for the Appellant: Major Nicholas D. Carter.

Appellate Counsel for the United States: Lieutenant Colonel Steven J. Grocki; Major Daniel J. Breen; and Gerald R. Bruce, Esquire.

Before

HECKER, TELLER, and KIEFER
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

KIEFER, Judge:

The appellant was convicted pursuant to his pleas of two specifications of divers wrongful use of methamphetamine and divers wrongful use of cocaine in violation of Article 112a, UCMJ, 10 U.S.C. § 912a. A military judge sitting as a special court-martial sentenced the appellant to a bad-conduct discharge, confinement for 75 days, and reduction to E-1. The convening authority approved the sentence as adjudged.

The appellant asserts three assignments of error: (1) it was error for the military judge to admit evidence of uncharged misconduct; (2) the appellant's sentence was too severe; and (3) a 41-day interval between action and docketing with this court requires some form of sentence relief.

*Admission of Sentencing Evidence*

During the presentencing phase of the trial, the government offered testimony of a witness who described the appellant's conduct in a hospital while he was apparently under the influence of a controlled substance. The appellant contends this testimony included evidence of uncharged misconduct that should have been excluded.

We review a military judge's decision to admit sentencing evidence, including aggravation evidence under Rule for Courts-Martial (R.C.M.) 1001(b)(4), for an abuse of discretion. *United States v. Ashby*, 68 M.J. 108, 120 (C.A.A.F. 2009). Improper argument is a question of law that we review de novo. *United States v. Marsh*, 70 M.J. 101, 104 (C.A.A.F. 2011). After findings of guilty have been entered, trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. R.C.M. 1001(b)(4). Matters in aggravation must be used for an appropriate purpose, namely to inform the sentencing authority's judgment regarding the charged offense and putting that offense in context, including the facts and circumstances surrounding the offense. *See United States v. Mullens*, 29 M.J. 398, 400–01 (C.M.A. 1990); *United States v. Vickers*, 13 M.J. 403, 406 (C.M.A. 1982); *United States v. Buber*, 62 M.J. 476, 479 (C.A.A.F. 2006).

On 9 May 2013, the appellant's first sergeant was contacted because the appellant was acting strangely at his duty section. After the appellant was escorted to the waiting room of the base hospital, he became disruptive in the presence of 30 to 40 people including active duty members, retirees, and children. He eventually had to be removed to a more secluded room. The appellant continued to be physically and verbally combative and refused to cooperate with medical personnel trying to assist him, including a doctor (colonel). On appeal, the appellant claims the first sergeant testified that the appellant told "a field grade officer to 'F-off'" and that this constituted uncharged misconduct that should have been excluded. In fact, the first sergeant testified that the appellant was using profane language including the "F-word" in the presence of the colonel but was not directing it towards him.

The military judge admitted the evidence of the appellant's conduct at the hospital as facts and circumstances directly relating to the charged offenses. The incident on 9 May 2013 occurred within the charged timeframe, and the evidence supports the inference that it was related to one of the appellant's divers uses of a controlled substance. We find the military judge did not abuse his discretion in finding the evidence

was probative of a proper basis for sentencing evidence. The appellant's actions while under the influence of a controlled substance are the type of facts and circumstances that provide context to the commission of an offense and serve as evidence in aggravation under R.C.M. 1001.

The appellant also argues that the military judge failed to do a Mil. R. Evid. 403 balancing test for this evidence. The record does not include an express Mil. R. Evid. 403 balancing test. If the military judge conducts a balancing test under Mil. R. Evid. 403, his ruling will not be overturned unless there is a "clear abuse of discretion." *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (quoting *United States v. Ruppel*, 49 M.J. 247, 250 (C.A.A.F. 1998). However, if the judge does not articulate his balancing analysis on the record, he receives "less deference." *Id.* at 36 (quoting *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)).

Even applying less deference, however, we find that the probative value of the disruptive nature of the appellant's conduct in the hospital waiting area and his use of profane language on 9 May 2013 substantially outweighs the danger of unfair prejudice or confusion of the issues for the military judge. The appellant had to be instructed multiple times to calm down, to the point that his escorts considered placing him in restraints. While it appears he used the profane language, further demonstrating his disruptive actions on this occasion, the appellant did not tell a field grade officer specifically to "F-off." Furthermore, trial counsel did not argue the evidence in that way. We presume the military judge knew the law in this area and followed it when he sentenced the appellant, as there is no clear evidence to the contrary. *See United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). Based on the record, we believe the military judge considered the evidence for its proper purpose and did not improperly increase the sentence based on admission of this evidence.

*Sentence Severity*

The appellant also argues his sentence was unduly harsh. This court "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine[], on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). We review sentence appropriateness de novo, employing "a sweeping congressional mandate to ensure a fair and just punishment for every accused." *United States v. Baier*, 60 M.J. 382, 384 (C.A.A.F. 2005) (quoting *United States v. Bauerbach*, 55 M.J. 501, 504 (Army Ct. Crim. App. 2001)) (internal quotation marks omitted). "We assess sentence appropriateness by considering the particular appellant, the nature and seriousness of the offense[s], the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009) (citing *United States v. Snelling*, 14 M.J. 267, 268 (C.M.A. 1982)). Although we are accorded

great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum allowable sentence based on the forum of the case was a bad-conduct discharge, 12 months confinement, two-thirds forfeiture of pay per month for 12 months, and reduction to E-1. No forfeitures were adjudged and the amount of confinement given was considerably less than the maximum allowable. In this case, the appellant was convicted of multiple uses of multiple drugs over a period of months. This was not a single, isolated incident. The appellant has a solid military record but even taking that into account along with his age, experience, and other evidence in mitigation and extenuation, we find that a bad-conduct discharge, confinement for 75 days, and reduction to E-1 is an appropriate sentence based on the facts and circumstances of this case and all matters in the record of trial.

*Post-Trial Processing*

Finally, the appellant argues that a 41-day interval between action and the docketing of this case with this court warrants sentence relief under *United States v. Moreno*, 63 M.J. 129, 142 (C.A.A.F. 2006), and *United States v. Tardif*, 57 M.J. 219 (C.A.A.F. 2002). We review de novo whether an appellant has been denied the due process right to speedy post-trial review and whether any constitutional error is harmless beyond a reasonable doubt. *United States v. Allison*, 63 M.J. 365, 370 (C.A.A.F. 2006).

If the *Moreno* standards are violated, the delay is presumptively unreasonable and triggers an analysis of the four factors elucidated in *Barker v. Wingo*, 407 U.S. 514 (1972). *See United States v. Arriaga*, 70 M.J. 51, 55 (C.A.A.F. 2011). Those factors are "(1) the length of the delay; (2) the reasons for the delay; (3) whether the appellant made a demand for a speedy trial; and (4) prejudice to the appellant." *United States v. Mizgala*, 61 M.J. 122, 129 (C.A.A.F. 2005); *see also Barker*, 407 U.S. at 530.

When we assume error but are able to directly conclude that any error was harmless beyond a reasonable doubt, we do not need to engage in a separate analysis of each factor. *See Allison,* 63 M.J. at 370. This approach is appropriate in the appellant's case. The post-trial record contains no evidence that the delay has had any negative impact on the appellant. When there is no showing of prejudice under the fourth factor, "we will find a due process violation only when, in balancing the other three factors, the delay is so egregious that tolerating it would adversely affect the public's perception of the fairness and integrity of the military justice system." *United States v. Toohey*, 63 M.J. 353, 362 (C.A.A.F. 2006). While the record does not reflect ideal handling by the government, there was no evidence of bad faith or gross negligence in the post-trial processing. We find the post-trial delay in this case not so egregious as to adversely affect the public's perception of the fairness and integrity of the military justice system.

Additionally, Article 66(c), empowers appellate courts to grant sentence relief for excessive post-trial delay without the showing of actual prejudice required by Article 59(a), UCMJ, 10 U.S.C. § 859(a). *Tardif*, 57 M.J. at 224; *see also United States v. Harvey*, 64 M.J. 13, 24 (C.A.A.F. 2006). In *United States v. Brown*, 62 M.J. 602, 606–07 (N.M. Ct. Crim. App. 2005), our Navy and Marine Court colleagues identified a "non-exhaustive" list of factors to consider in evaluating whether Article 66(c), UCMJ, relief should be granted for post-trial delay. Among the non-exhaustive factors are the length and reasons for the delay, the length and complexity of the record, the offenses involved, and the evidence of bad faith or gross negligence in the post-trial process. *Id*. at 607. As stated above, we find no bad faith or gross negligence in the post-trial processing. We note, however, that the record was comparatively brief, comprising only two volumes. The length of the delay, although presumptively unreasonable, exceeded the presumptive standard by only 11 days. A substantial portion of that delay was related to securing a copy of the defense counsel's receipt for the Staff Judge Advocate's Recommendation. While delays in completing the record are solely the responsibility of the government, this is not the type of delay that merits relief under Article 66, UCMJ. Accordingly, we grant no sentence relief in this instance.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred. Articles 59(a) and 66(c), UCMJ. Accordingly, the approved findings and sentence are

**AFFIRMED**.

FOR THE COURT

LEAH M. CALAHAN
Deputy Clerk of the Court