# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

———————————

## No. ACM 38878

———————————

### UNITED STATES
*Appellee*

v.

### Devon K. Parr
Staff Sergeant (E-5), U.S. Air Force, *Appellant*

———————————

Appeal from the United States Air Force Trial Judiciary

Decided 7 February 2017

———————————

*Military Judge:* Vance H. Spath (sitting alone)

*Approved sentence:* Dishonorable discharge, confinement for 36 months, total forfeiture of pay and allowances, and reduction to E-1. Sentence adjudged 7 May 2015 by GCM convened at Kadena Air Base, Okinawa, Japan.

*For Appellant:* Lieutenant Colonel Anthony D. Ortiz, USAF and Captain Lauren A. Shure, USAF.

*For Appellee:* Major Jeremy D. Gehman, USAF; Major Rebecca A. Magnone, USAF; and Gerald R. Bruce, Esquire.

Before DUBRISKE, HARDING, and C. BROWN, *Appellate Military Judges*

Judge C. BROWN delivered the opinion of the court, in which Senior Judge DUBRISKE and Judge HARDING joined.

———————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.**

———————————

C. BROWN, Judge:

At a judge-alone general court-martial, Appellant was convicted, consistent with his pleas, of knowingly and wrongfully possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934. The military judge sentenced

Appellant to a dishonorable discharge, confinement for 48 months, total forfeiture of all pay and allowances, and reduction to E-1. Pursuant to pretrial agreement, the convening authority approved 36 months of confinement and the remainder of the sentence as adjudged.

On appeal, Appellant asserts two errors: (1) that the military judge erred when, in presentencing, he admitted three written unsworn victim impact statements from individuals identified in the child pornography Appellant possessed; and (2) that his sentence is inappropriately severe as it includes a dishonorable discharge. Finding no relief is warranted on either issue, we affirm the findings and sentence.

## I. BACKGROUND

Appellant, by his own admission, knowingly and intentionally downloaded more than 500 images or videos depicting minors engaged in sexually explicit conduct. In September 2014, the Air Force Office of Special Investigations (AFOSI) conducted peer-to-peer undercover operations and identified Appellant's internet protocol address as downloading suspected images of child pornography. After obtaining a probable cause search authorization, AFOSI searched Appellant's residence and seized digital media, including a laptop, thumb drives, and seven computer hard drives belonging to Appellant.

The Defense Computer Forensic Laboratory analyzed the digital media and discovered several hundred suspected images of minors engaged in sexually explicit conduct, including the 50 files Appellant stipulated were child pornography at his court-martial. Of those 50 charged files, 12 images and 14 video files involved child victims who have been identified by the National Center for Missing and Exploited Children (NCMEC).[1] At trial, Appellant stipulated that he preferred images of girls between 9 – 14 years old and that he downloaded the images and videos to gratify his sexual desires, watching them and masturbating to them on a nearly daily basis. He also stipulated that five to ten percent of his child pornography collection consisted of videos of toddlers as young as two years old in sexual situations.

---

[1] NCMEC, in conjunction with law enforcement, have confirmed certain persons portrayed in images and videos are actual minors by locating the individuals seen in the images and videos.

## II. DISCUSSION

### A. Admissibility of Unsworn Victim Impact Statements

Appellant asserts the military judge erred in considering, over defense objection, the written unsworn statements from the NCMEC-identified victims appearing in the child pornography possessed by Appellant. We disagree.

In his ruling admitting three of the four unsworn victim impact statements, the military judge put on the record that he was persuaded that the intent of the Crime Victims' Rights Act (CVRA), 18 U.S.C § 3771, was to allow for such evidence. The National Defense Authorization Act for Fiscal Year 2014 (FY 2014 NDAA)[2] incorporated the CVRA into Article 6b, UCMJ, with immediate implementation taking place on 26 December 2013. This statutory provision includes the right of all crime victims to be "reasonably heard" at sentencing.

The military judge noted the following: the persons providing the unsworn statements clearly fell within the definition of a victim as defined in the CVRA and Article 6b, UCMJ; both the CVRA and Article 6b, UCMJ, gave victims a right to be "reasonably heard" at sentencing; and that federal courts have interpreted this term to mean allowing an unsworn victim impact statement in sentencing.[3] He further stated he believed Congress intended to put victims on equal footing with the accused in terms of allowing an unsworn statement in sentencing and that the accused was free to rebut any statement of fact contained within the victims' unsworn statements.

Finally, the military judge addressed what he termed "Mil. R. Evid. 403 concerns" and did not admit a fourth victim impact statement focused on the effects the sexual abuser had on the victim. Similarly, the military judge stated he would only consider the portions of victim impact statements that detailed the impact of the victims knowing their images were still available on the internet and being viewed by others, but would not consider anything within those exhibits stating the effects the actual abuser had on the victims.

We review a military judge's admission or exclusion of evidence, including sentencing evidence, for an abuse of discretion. *United States v. Stephens*, 67 M.J. 233, 235 (C.A.A.F. 2009) (citing *United States v. Manns*, 54 M.J. 164, 166 (C.A.A.F. 2000)). The admission of evidence in aggravation during sentencing is controlled by Rule for Courts-Martial (R.C.M.) 1001(b)(4), which states:

---

[2] Pub. L. No. 11333, § 1701(b)(2)(A) (2013).

[3] As there were no military cases defining the right to be "reasonably heard," the military judge looked to federal cases, citing *Kenna v. United States Dist. Court*, 435 F.3d 1011 (9th Cir. 2006).

> The trial counsel may present evidence as to any aggravating circumstances directly relating to or resulting from the offenses of which the accused has been found guilty. Evidence in aggravation includes, but is not limited to, evidence of financial, social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused
>
> . . . .

Furthermore, sentencing evidence is subject to the requirements of Mil. R. Evid. 403. *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)). When the military judge conducts a proper balancing test under Military Rule of Evidence (Mil. R. Evid.) 403 on the record, the ruling will not be overturned absent a clear abuse of discretion; the ruling of a military judge who fails to do so will receive correspondingly less deference. *Hursey*, 55 M.J. at 36*; Manns*, 54 M.J. at 166.

The limited content of the three victims' unsworn statements considered by the military judge in this case was proper aggravation evidence under R.C.M. 1001(b)(4) as it related to the "social, psychological, and medical impact" on the three victims. The military judge addressed the Mil. R. Evid. 403 balancing test in his ruling, effectively redacting the information in the statement by not considering the information which he determined to be unfairly prejudicial. The military judge is presumed to know the law and apply it correctly absent clear evidence to the contrary. *United States v. Bridges*, 66 M.J. 246, 248 (C.A.A.F. 2008); *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007); *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We find no such evidence in this case.

Notwithstanding our determination that the restricted information in the victim impact statements was evidence in aggravation, we must still determine whether the military judge erred in allowing the evidence to be presented in an unsworn format. Generally, the prosecution must present statements from witnesses in the form of sworn testimony. Mil. R. Evid. 101, 802, 1101. But there are exceptions to this, including when the rules or federal statutes applicable to courts-martial provide otherwise. Mil. R. Evid. 802.

The military judge found that the CVRA, as incorporated into the UCMJ, indeed provided otherwise. Appellant was sentenced on 7 May 2015. On 17 June 2015, the President signed Executive Order 13696[4] enacting R.C.M. 1001A. R.C.M. 1001A(b)(4)(B) defines the right to be reasonably heard as including the right for a victim to make an unsworn statement during sentencing proceedings in a non-capital case. While this Presidential rule implementing

---

[4] Exec. Order No. 13,696, 80 Fed. Reg. 119, 35,819-20 (22 June 2015).

Article 6b, UCMJ, was not yet effective at the time Appellant was sentenced, the statutory provision itself was, and included a victim's right to be "reasonably heard." Art. 6b, UCMJ, 10 U.S.C. § 806b; *see also LRM v. Kastenberg*, 72 M.J. 364, 370 (C.A.A.F. 2013) (recognizing a victim's right to be heard). Article 6b, UCMJ, mirrors the victims' rights afforded under the CVRA, and federal courts have interpreted these rights to include giving statements at sentencing hearings without being placed under oath.[5]

Even though the President had not yet amended the Rules for Courts-Martial to expressly give the victims the right to be heard in such a manner at the time of Appellant's trial, the military judge assessed that was the intent of the applicable federal statute. We find that this ruling and the admission of relevant victim impact evidence in the form of unsworn statements under R.C.M. 1001(b)(4) was not an abuse of his discretion.

Even were we to consider the military judge's admission of the victims' unsworn statements an abuse of discretion, Appellant has failed to show prejudice. The test for prejudice is whether the error substantially influenced the adjudged sentence. *United States v. Sanders*, 67 M.J. 344, 346 (C.A.A.F. 2009); *United States v. Griggs*, 61 M.J. 402, 410 (C.A.A.F. 2005); *United States v. Boyd*, 55 M.J. 217, 221 (C.A.A.F. 2001). Prior to announcing sentence, the military judge noted that he would have imposed the same sentence regardless of whether he considered the three prosecution exhibits at issue.

### B. Sentence Appropriateness

Appellant alleges that a sentence which includes a dishonorable discharge is unreasonably severe punishment for his offense. He contends there is little evidence of aggravation in this case and that the Government failed to present any evidence that Appellant's duty performance or unit effectiveness was impacted by his crime.

We review sentence appropriateness de novo. *United States v. Lane*, 64 M.J. 1, 2 (2006). We "may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as [we find] correct in law and fact and determine, on the basis of the entire record, should be approved." Article 66(c), UCMJ, 10 U.S.C. § 866(c). "We assess sentence appropriateness by considering

---

[5] Some of the federal cases addressing this issue include: *United States v. Grigg,* 434 F. App'x 530, 533 (6th Cir. 2011) (unpub. op.) (citing *United States v. Myers*, 402 F. App'x 844, 845 (4th Cir. 2010)); *United States v. Swenson*, 2014 U.S. Dist. LEXIS 115402, at *3-4 (D. Idaho Aug. 18, 2014); *United States v. Shrader*, 2010 U.S. Dist. LEXIS 121766, at *7–8 (S.D. W. Va. Nov. 16, 2010); and *United States v. Marcello*, 370 F. Supp. 2d 745, 750 (N.D. Ill. 2005).

the particular appellant, the nature and seriousness of the offenses, the appellant's record of service, and all matters contained in the record of trial." *United States v. Anderson*, 67 M.J. 703, 705 (A.F. Ct. Crim. App. 2009). Although we are accorded great discretion in determining whether a particular sentence is appropriate, we are not authorized to engage in exercises of clemency. *United States v. Nerad*, 69 M.J. 138, 146 (C.A.A.F. 2010).

The maximum authorized sentence was dishonorable discharge, confinement for 10 years, total forfeiture of all pay and allowances, and reduction to E-1. Appellant negotiated a pretrial agreement limiting confinement to 36 months. The approved sentence of dishonorable discharge, confinement for 36 months, total forfeiture of all pay and allowances, and reduction to E-1 was clearly within the discretion of the convening authority.

We have given individualized consideration to this Appellant, his conduct, his military career and accomplishments, and the other relevant matters within the record of trial. While Appellant has a fairly good military record, this mitigating factor must be balanced against the seriousness and deviant nature of the offense Appellant committed. This includes Appellant's own admission that he preferred to download and watch videos of 9 to 14 year-old girls being sexually abused because they "were old enough to know that sex acts were being performed on them." We find the approved sentence is not inappropriately severe.

## III. CONCLUSION

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the approved findings and sentence are **AFFIRMED**.

FOR THE COURT

KURT J. BRUBAKER
Clerk of the Court