# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

### No. ACM 39510

————————————

### UNITED STATES
*Appellee*

**v.**

### Marrea R. GARRETT
Senior Airman (E-4), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 19 November 2019

————————————

*Military Judge:* Tiffany J. Williams.

*Approved sentence:* Bad-conduct discharge, confinement for four months, forfeiture of all pay and allowances, and reduction to E-1. Sentence adjudged 10 May 2018 by GCM convened at Joint Base Elmendorf-Richardson, Alaska.

*For Appellant:* Major Dustin J. Weisman, USAF.

*For Appellee:* Lieutenant Colonel Joseph J. Kubler, USAF; Major Dayle P. Percle, USAF; Mary Ellen Payne, Esquire; Justin A. Miller (civilian intern).[1]

Before J. JOHNSON, POSCH, and KIEFER, *Appellate Military Judges*.

Judge KIEFER delivered the opinion of the court, in which Senior Judge J. JOHNSON and Judge POSCH joined.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

---

[1] Mr. Miller was at all times supervised by attorneys admitted to practice before this court during his participation.

KIEFER, Judge:

Appellant was convicted by a military judge at a general court-martial, pursuant to his pleas and a pretrial agreement (PTA), of wrongful use of a controlled substance, larceny of military property of a value of more than $500, and obstruction of justice in violation of Articles 112a, 121, and 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 912a, 921, 934.[2] The military judge sentenced Appellant to a bad-conduct discharge, four months confinement, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

Appellant asserts two assignments of error (AOEs): (1) whether Appellant's guilty plea to larceny of basic allowance for housing (BAH) on divers occasions is improvident if the evidence at trial establishes a single, continuing course of criminal conduct; and (2) whether the military judge abused her discretion by admitting evidence of Appellant's spending habits and lifestyle as a matter in aggravation during presentencing proceedings. Additionally, we address, after Appellant's first AOE, whether the military judge erred when she allowed the Government to offer evidence on findings, after the Appellant pleaded guilty but before the military judge announced findings. We find the military judge erred in accepting Appellant's guilty plea to larceny "on divers occasions" as charged in the Specification of Charge V, and thus affirm a finding of guilty to the Specification of Charge V except the words, "on divers occasions." Finding no further error, we affirm the remaining findings and sentence as reassessed.

## I. BACKGROUND

On 30 September 2015, Appellant married his current wife. At the time, she lived in Elk Grove, California, but she told Appellant she might move to Daly City, California to go to school. In early October 2015, Appellant submitted an Air Force Form 594, *Application to Stop, Start or Change Basic Allowance for Quarters or Dependency Redetermination*, seeking a with-dependent housing allowance at the rate for Daly City, knowing that his spouse actually lived in Elk Grove. Appellant's wife never moved from Elk Grove to Daly City, and Appellant never corrected his BAH request form. Appellant traveled to see his wife multiple times during the charged timeframe confirming that she actually lived in Elk Grove.

---

[2] All references in this opinion to the Uniform Code of Military Justice (UCMJ), Rules for Courts-Martial, and Military Rules of Evidence are to the *Manual for Courts-Martial, United States* (2016 ed.).

In early June 2017, Appellant attended a house party with some friends. During the party, Appellant went into a bedroom with a male civilian. The civilian prepared lines of cocaine on a mirror, and Appellant ingested one of the lines through his nose. On 6 June 2017, Appellant submitted a urine sample pursuant to a random urinalysis test. The sample tested positive for a metabolite of cocaine above the DoD cutoff limit.

The Air Force Office of Special Investigations (AFOSI) detachment at Joint Base Elmendorf-Richardson (JBER), Alaska investigated Appellant for illegal drug use and other possible misconduct that was ultimately not included in his court-martial. During the investigation, AFOSI agents conducted a search of Appellant's on-base dorm room and identified several items of personal property that seemed unusual for a senior airman to own, including high-end electronics, numerous pairs of Nike shoes, and expensive consumer products. The AFOSI agents also determined that Appellant owned a BMW automobile. Based on the search of Appellant's dorm room and the other information obtained, the AFOSI agents grew suspicious of how Appellant was able to afford the items they found.

The AFOSI agents subpoenaed Appellant's bank records and discovered significant sums of money deposited each month into his account by the Defense Finance and Accounting Service. They also noted what appeared to be substantial expenditures for high-end products from companies such as Louis Vuitton and Dolce & Gabbana. The AFOSI agents coordinated with Air Force pay officials and discovered that Appellant was receiving BAH at the with-dependent rate for Daly City, California. Upon further investigation, the AFOSI agents determined that Appellant's wife actually lived in Elk Grove, California. The BAH for Daly City is about $2000.00 more per month than Elk Grove. From October 2015 through December 2017, Appellant wrongfully obtained more than $57,000 of BAH.

On 6 December 2017, as part of the overall investigation, Appellant was brought to the AFOSI Detachment at JBER for an interview. Prior to the interview, agents notified Appellant that they had obtained a search authorization for Appellant's cell phone and an order for him to unlock the phone. Before agents could execute the search and seizure of the phone, Appellant initiated a factory reset and deleted all of the contents of the device. When AFOSI agents seized the phone, they realized it had been reset and the data was lost. At trial, Appellant admitted that he obstructed justice by knowingly destroying evidence on his personal cell phone while under investigation for criminal offenses.

## II. DISCUSSION

### A. Appellant's Guilty Plea to Larceny of Military Property on Divers Occasions

"We review a military judge's acceptance of a guilty plea for an abuse of discretion." *United States v. Blouin*, 74 M.J. 247, 251 (C.A.A.F. 2015) (citation omitted). "The test for an abuse of discretion in accepting a guilty plea is whether the record shows a substantial basis in law or fact for questioning the plea." *United States v. Moon*, 73 M.J. 382, 386 (C.A.A.F. 2014) (citing *United States v. Passut*, 73 M.J. 27, 29 (C.A.A.F. 2014)). "The military judge must question the accused under oath about the offenses to ensure there is an adequate factual basis for a guilty plea." *United States v. Mull*, 76 M.J. 741, 744 (A.F. Ct. Crim. App. 2017) (citing Rule for Courts-Martial (R.C.M.) 910(e); Article 45(a), UCMJ, 10 U.S.C. § 845(a)). "It is an abuse of discretion for a military judge to accept a guilty plea without an adequate factual basis . . . ." *United States v. Weeks*, 71 M.J. 44, 46 (C.A.A.F. 2012) (citation omitted). However, we look to the entire record to determine whether there is a substantial basis to question the guilty plea. *United States v. Jordan*, 57 M.J. 236, 239 (C.A.A.F. 2002).

"A plea is provident so long as Appellant was 'convinced of, and [was] able to describe, all of the facts necessary to establish [his] guilt.'" *United States v. Murphy*, 74 M.J. 302, 308 (C.A.A.F. 2015) (alterations in original) (quoting *United States v. O'Connor*, 58 M.J. 450, 453 (C.A.A.F. 2003)). "If an accused sets up matters inconsistent with the plea at any time during the proceeding, the military judge must either resolve the apparent inconsistency or reject the plea." *United States v. Hines,* 73 M.J. 119, 124 (C.A.A.F. 2014) (quoting *United States v. Goodman*, 70 M.J. 396, 399 (C.A.A.F. 2011)) (internal quotation marks omitted). We "must find a substantial conflict between the plea and the accused's statements or other evidence in order to set aside a guilty plea. The mere possibility of a conflict is not sufficient." *Id.* (citation and internal quotation marks omitted).

The Government charged Appellant with larceny on divers occasions for each month he took BAH at the improper rate. Appellant pleaded guilty to larceny on divers occasions and the military judge accepted this plea. On appeal, Appellant argues that his BAH larceny offense was actually a continuing course of conduct over the charged time frame that constituted a single offense.

In *Hines,* the United States Court of Appeals for the Armed Forces (CAAF) held that the "formulation of a plan or scheme or the setting up of a mechanism which, when put into operation, will result in the taking or diversion of sums of money on a recurring basis, will produce but one crime." 73 M.J. at 121 (citation omitted). There the accused wrongfully received BAH over several

months. *Id.* at 120. In reaching its ruling, the CAAF focused on the intent of the accused and whether he engaged in one or multiple acts to facilitate the theft. *Id.* at 123. The court held that a single scheme which led to multiple takings constituted only one offense. *Id.*

In *United States v. Blue*, our sister service court, citing *Hines*, excepted the words "on divers occasions" from a specification and affirmed a single, continuing larceny of government allowances when the accused received multiple unauthorized payments over a series of months but engaged in acts that established only one scheme to defraud the Government.[3] No. 20131091, 2015 CCA LEXIS 583, at \*2 (A. Ct. Crim. App. 30 Dec. 2015) (unpub. op.).

Here, Appellant's act of submitting a BAH request form seeking the with-dependent rate for Daly City, when he knew his spouse lived in Elk Grove, resulted in a mechanism by which Appellant illegally obtained funds on a recurring basis. Applying *Hines*, this act constitutes a single, continuing offense. The Government concedes this issue in its answer to Appellant's AOE. We have also independently reviewed the record of trial to determine whether Appellant admitted any other acts that would support a plea of guilty to larceny on divers occasions, for example whether he updated forms at any point, made any other statements to facilitate the larceny, or committed other acts that further perpetrated his crime, and we find none. Thus, we find there is a substantial basis to question Appellant's guilty plea to larceny "on divers occasions" and further find the military judge abused her discretion in accepting the plea as entered.

Accordingly, with respect to the Specification of Charge V, we modify the finding by excepting the language "on divers occasions," and affirm only a finding of larceny of military property of a value of more than $500. We address possible sentence reassessment for this revised finding below.

## B. Post Providence Inquiry Evidence

### 1. The Government's Additional "Findings" Evidence

At trial, Appellant pleaded guilty to three offenses: wrongful use of cocaine, larceny of BAH, and obstruction of justice. Pursuant to the terms of the PTA, the Government agreed to withdraw and dismiss the remaining charges and specifications after the announcement of sentence. By the end of the providence

---

[3] *Blue* actually included three separate specifications of larceny of government funds, but in that case, the accused filled out separate forms at three separate locations over time to commit his offenses. 2015 CCA LEXIS 583, at \*2 (A. Ct. Crim. App. 30 Dec. 2015) (unpub. op.). The Army Court of Criminal Appeals found a single crime for each separate location based on the separate act performed at each location. *Id.*

inquiry, neither party raised an issue regarding the factual basis for Appellant's pleas, and, given the terms of the PTA, no contested offenses remained.

Despite this, prior to the military judge entering findings, the Government offered nine exhibits (Prosecution Exhibits 2–10) into evidence on findings. The Government also indicated its intent to call multiple witnesses on findings to lay foundations for the exhibits and to testify about other facts and circumstances related to the offenses. Appellant objected to admission of the documentary evidence and witness testimony on the basis of cumulativeness, relevance, undue prejudice, confusion of the issues, foundation, and hearsay. The Defense noted that Appellant had already pleaded guilty and established a factual basis for his pleas, and thus the additional evidence was not relevant to any matter on findings. The Defense acknowledged some of the Government's evidence might be relevant for sentencing as matters in aggravation.

Following extensive discussion, the military judge sustained the Defense's objections to all of the documentary evidence, noting that some of the evidence might be appropriate for sentencing, but the military judge permitted the Government to call two witnesses on findings.

The first government witness was an AFOSI agent who testified about his background and experience, various aspects of Appellant's investigation, facts related to Appellant's marriage, and the BAH issue. The agent noted that AFOSI conducted searches of Appellant's vehicle and dorm room, but at this point in the case, the agent did not provide specific details as to what was found. The second government witness was a finance technician who testified about forms related to BAH and the discovery of the BAH fraud. Some of the evidence presented through these witnesses had already been admitted in the stipulation of fact (Prosecution Exhibit 1) and during Appellant's providence inquiry; however, the witnesses did provide additional details not previously admitted.

During the witnesses' testimony, the Defense renewed its prior objection and raised similar cumulative, relevance, undue prejudice, foundation, and hearsay objections to specific questions. Some of the specific objections were sustained but others were overruled. Thus, some of the witness testimony was admitted on findings.

The Government's stated basis for offering this testimony was as facts and circumstances surrounding the offenses and the Government's belief that there was more to the crimes than Appellant had admitted in the stipulation of fact and providence inquiry. Following the testimony, the military judge entered findings of guilty for the three offenses to which Appellant had pleaded guilty.

Although on appeal Appellant does not specifically challenge the process of admitting findings evidence in a guilty plea case, we note that this procedure

is contrary to military practice. Pursuant to R.C.M. 910(c)(4), "if the accused pleads guilty, there will not be a trial of any kind as to those offenses to which the accused has so pleaded . . . ." In this case, the military judge failed to indicate the purpose for which she was admitting government evidence in findings after completion of the providence inquiry.[4] We cannot ascertain any valid purpose for admitting the evidence at this stage of the proceedings. The evidence was cumulative with information contained in the guilty plea inquiry and the stipulation of fact and it was not probative of any issue in findings at that point in the case. *See* Mil. R. Evid. 402(b) ("Irrelevant evidence is not admissible."); Mil. R. Evid. 403 (relevant evidence may be excluded if its probative value is substantially outweighed by*, inter alia*, undue delay, wasting time, or needlessly presenting cumulative evidence). If either party believed the providence inquiry was deficient in some manner, the proper procedure would have been to reopen the inquiry and ask additional questions.

Notwithstanding the military judge's decision to admit this evidence in findings, we find no prejudice to Appellant with respect to his pleas or the entry of findings. Appellant pleaded guilty to three offenses, and the military judge found Appellant guilty of those same three offenses. Thus, it does not appear, on the basis of this record, that Appellant suffered any prejudice with respect to his pleas from the military judge's decision to admit witness testimony on findings.

We also analyze any other purpose for which the military judge may have considered the "findings" testimony and whether Appellant suffered any prejudice from such use. As noted earlier, the military judge did not specify why she was admitting testimony in findings in a guilty plea case. We find, based on this record, that if the military judge considered any testimony from the findings witnesses it would have been in the nature of facts and circumstances evidence as possible matters in aggravation. R.C.M. 1001(b)(4). Although misplaced in the findings stage of the case, the evidence was similar to, but less detailed than, other evidence properly admitted in presentencing, Thus, Appellant was not prejudiced in this case by the military judge's decision to allow the Government to call two witnesses in findings.

---

[4] We acknowledge that in this case the Government had charged offenses beyond those to which Appellant pleaded guilty, but the PTA stated that those other offenses would be withdrawn and dismissed. Thus, this case was essentially a "full" guilty plea. We are mindful of cases where an accused pleads guilty to a lesser included offense, by exceptions, or to only some of the charged offenses, and the Government properly seeks to prove the greater offense, the excepted language, or the other offenses in a findings case. That, however, was not this case.

**2. Presentencing Evidence**

Following the military judge's entry of findings, Appellant was advised of his rights during the presentencing proceedings. The Government then offered evidence to demonstrate that Appellant used the illegally obtained funds to purchase high-end items and live a lavish lifestyle. The Government reoffered Prosecution Exhibit 10, Appellant's bank records, which had been offered but not admitted in findings. The Government also offered additional documentary evidence in sentencing. Appellant objected to some of the Government's sentencing exhibits, and ultimately, the military judge admitted, over defense objection, Prosecution Exhibit 10 and Prosecution Exhibit 15, a photo of Appellant's dorm room closet taken during the AFOSI search.[5] The military judge also admitted testimony from government witnesses over defense objection. On appeal, Appellant challenges the admission of Prosecution Exhibits 10 and 15 as well as the testimony of government witnesses concerning Appellant's high-end purchases and lavish lifestyle.[6]

We review a military judge's decision to admit sentencing evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010) (citation omitted). Furthermore, sentencing evidence is subject to the requirements of Mil. R. Evid. 403. *United States v. Hursey*, 55 M.J. 34, 36 (C.A.A.F. 2001) (citing *United States v. Rust*, 41 M.J. 472, 478 (C.A.A.F. 1995)). When the military judge conducts a proper balancing test under Mil. R. Evid. 403 on the record, her ruling will not be overturned absent a clear abuse of discretion. *Id.* (citation omitted). If she fails to conduct the balancing test, her ruling will receive correspondingly less deference. *Id.* (citation omitted).

In sentencing, the prosecution may present evidence of aggravating circumstances "directly relating to or resulting from the offenses of which the accused has been found guilty" to include "social, psychological, and medical impact on or cost to any person or entity who was the victim of an offense committed by the accused." R.C.M. 1001(b)(4); *see also Vickers*, 13 M.J. at 406. The meaning of "directly related" is "a function of both what evidence can be considered and

---

[5] During presentencing, the Government also offered Prosecution Exhibits 11 (Personal Data Sheet), 12 (Enlisted Performance Reports), 13 (Letter of Counseling), 14 (photo of BMW), 16 (cartoon emoji), and 17 (photo from twitter account of Appellant next to a red sports car). The military judge admitted Exhibits 11, 12, 13, 14, and 16 without objection. The military judge sustained a defense objection to Appellate Exhibit 17.

[6] Some of the government witnesses testified to matters that were not depicted in any admitted exhibits. For example, an AFOSI agent testified to finding a "Gucci suit," a "Gucci suitcase," and other items from Louis Vuitton and Dolce & Gabbana during the search of Appellant's dorm room, but these items are not shown in any admitted prosecution exhibit.

how strong a connection that evidence has to the offenses of which the accused has been convicted." *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007). This analysis calls for considered judgment by the military judge and, therefore, will not be overturned lightly. *United States v. Wilson*, 47 M.J. 152, 155 (C.A.A.F. 1997) (citation omitted).

The Defense asserts three arguments regarding the admission of the Government's sentencing evidence: (1) the Government failed to prove that any illegally obtained funds were used to purchase any particular item or product; (2) Appellant's expenditures are not proper aggravation evidence but instead are an improper attack upon his character; and (3) the probative value of any evidence related to Appellant's expenditures or lifestyle is substantially outweighed by the danger of unfair prejudice and confusion of the issues.

### a. Chain of Custody for the Illegally Obtained Funds

With respect to Appellant's first argument, Appellant claims the Government must produce a precise chain of custody for illegally obtained funds and link them to specific purchases or the evidence of the purchases is inadmissible. At trial, the Defense argued,

> Rule 1001(b) does not say inference. It doesn't say assumption. It doesn't say inference, upon inference, upon inference. [It requires the evidence be] directly relating to or resulting from the offense for which Senior Airman Garrett has plead[ed] guilty here today.

The Defense went on to argue that the Government failed to prove that any illegally obtained funds were used to purchase any specific item that might be considered lavish.

The Defense is confusing the admissibility of evidence with the weight a factfinder may assign to that evidence. While we agree there must be some reasonable nexus for a party to argue that a piece of evidence supports a particular inference, in sentencing, counsel may argue fair inferences that may be drawn from the evidence in the record. *See United States v. White*, 36 M.J. 306, 308 (C.A.A.F. 1993) (citations omitted).

Here, AFOSI conducted a search of Appellant's dorm room and found several items of personal property that seemed unusual for a senior airman to own. The nature and quantity of items was inconsistent with what they had observed during similar searches of other dorm rooms. While it is possible there is a non-criminal explanation for Appellant owning expensive items—for example, the items belonged to someone else or Appellant had another source of income independent from the illegally obtained funds to purchase these items—it is also reasonable to infer that the items in Appellant's closet belonged to him and he was able to purchase them because of the excess BAH he

stole from the Government. In an adversarial proceeding, each side is permitted to present relevant evidence and then argue reasonable inferences from that evidence. As long as there is a sufficient nexus between the evidence and the issues in the case, it is for the factfinder to determine what weight to give the evidence.

In this case, over a two-year period, Appellant illegally obtained more than $57,000. Any Airman realizing a $57,000 increase in income over that timeframe would likely have more disposable income than his peers and therefore personally benefit from his crimes. The bank records admitted at trial show illegal money coming into Appellant's account and purchases being made from that same account as Appellant admitted that he comingled the stolen money with other lawfully obtained funds.

The Government was not required to prove that specific dollars came from the Air Force and then those specific funds were used to purchase particular items. For admissibility purposes in sentencing, it was enough for the Government to show that Appellant personally benefitted from his crimes, for example by having the means to buy expensive consumer items. It was for the factfinder to determine how much of a benefit an extra $57,000 was for a senior airman.

### b. Evidence in Aggravation

Appellant also argues that the Government's evidence is inadmissible because it does not constitute matters in aggravation or any other basis for admissibility under R.C.M. 1001(b). Appellant notes that it is not illegal for a senior airman to own nice things. The fact that Appellant may have owned several pairs of Nike shoes and items from Louis Vuitton or Dolce & Gabbana does not prove any aggravating fact that could be considered on the matter of sentence. The Defense also argues that it was improper for the military judge to consider evidence that showed Appellant's intent to permanently deprive the Government of the stolen funds because intent was only relevant to findings.

The Defense is correct that the issue of intent was sufficiently resolved during the providence inquiry for the military judge to accept Appellant's plea, but that does not mean the Government is limited to only the facts Appellant admitted during the plea inquiry. If the Government possesses other evidence of intent that is directly related to the offenses to which Appellant pleaded guilty, that information may be relevant in sentencing. *See* R.C.M. 1001(b)(4); *see also Vickers*, 13 M.J. at 406.

Additionally, the Government may offer evidence of motive or state of mind, which often serves a proper and useful function during the sentencing phase of a trial, as it may show aggravating or mitigating circumstances related to the charged offenses. *United States v. Martin*, 20 M.J. 227, 232 (C.M.A. 1985).

An accused's attitude toward the crimes of which he has been convicted is directly related to those offenses and relevant to fashioning a sentence appropriate to both the offenses and offender. *United States v. Anderson*, 25 M.J. 779, 781 (A.C.M.R. 1988) (citations omitted). Appellant acknowledges this very principle in a footnote of his brief which states that if he took the money to feed a starving family that would be a proper matter in extenuation. The same concept applies to evidence directly related to the offenses that demonstrates other motives as well.

Here, the evidence admitted in sentencing was relevant to explain why Appellant committed his crimes. He stated during the providence inquiry that he took the money for "selfish reasons" and because he "wanted the money." The evidence regarding the types and quantities of products Appellant purchased are consistent with his stated motive and helps explain his state of mind and attitude toward the offenses. Appellant's objections constitute characterizations of the evidence that Appellant was free to argue, but they do not render the Government's evidence inadmissible for sentencing. The Government's evidence was admissible to clarify Appellant's statements during the providence inquiry and provides insight into his motive, state of mind, and attitude about the offenses, which are relevant matters in sentencing.

### c. Mil. R. Evid. 403 Analysis

Finally, Appellant argues that the probative value of the challenged evidence is substantially outweighed by the danger of unfair prejudice and confusion of the issues. We find the military judge conducted a proper balancing test under Mil. R. Evid. 403 concerning Prosecution Exhibit 10, the bank records, Prosecution Exhibit 15, the photo of Appellant's closet, and the associated testimony of Government witnesses regarding personal property found in Appellant's dorm room. The military judge indicated that she considered where the items were found, when the evidence was identified relative to the offenses, and the witness testimony further explaining the exhibits. She determined all of this evidence was directly related to the offenses to which Appellant pleaded guilty and the value of that evidence was not substantially outweighed by the danger of unfair prejudice and confusion of the issues. In this judge alone case, we presume the military judge knew the law and followed it when evaluating the Government's sentencing evidence. *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007).

Thus, we find the evidence in Prosecution Exhibit 10, the bank records; Prosecution Exhibit 15, the photo of Appellant's dorm room closet; and the associated witness testimony regarding other items Appellant possessed are facts and circumstances directly related to the offenses for which Appellant pleaded

guilty. Accordingly, the military judge did not abuse her discretion in admitting this evidence on the matter of sentence. *See* R.C.M. 1001(b)(4); *see also Vickers*, 13 M.J. at 406.

## C. Sentence Reassessment

Having set aside the finding of guilty to larceny of military property of a value of more than $500 on divers occasions and affirming only a single larceny of BAH, we must evaluate whether we should reassess the sentence or return this case for a sentence rehearing. To reassess a sentence, a service court of criminal appeals (CCA) must be able to reliably ascertain "what sentence would have been imposed at the trial level if the error had not occurred." *United States v. Sales*, 22 M.J. 305, 307 (C.M.A. 1986). The CCA must be able to determine that absent the error the "sentence would have been at least of a certain magnitude." *Id.*

The CAAF has set forth a list of non-exhaustive factors that CCAs may consider in determining whether to reassess a sentence or permit a rehearing, including: (1) whether there are dramatic changes in the penalty landscape or exposure; (2) whether the appellant was sentenced by members or by military judge alone; (3) whether the "remaining offenses capture the gravamen of criminal conduct included within the original offenses;" and (4) "[w]hether the remaining offenses are of the type that judges of the [CCAs] should have the experience and familiarity with to reliably determine what sentence would have been imposed at trial." *United States v. Winckelmann*, 73 M.J. 11, 15–16 (C.A.A.F. 2013) (citations omitted).

Here, setting aside the "on divers occasions" language and recharacterizing the offense as a single larceny has no impact on the penalty landscape. Appellant had the same punitive exposure whether he was convicted of one or multiple thefts under the specification. This favors sentence reassessment as opposed to a rehearing.

We next note that Appellant was sentenced by a military judge sitting alone. Judges of the CCAs "are more likely to be certain of what a military judge would have done as opposed to members." *Id*. at 16. This factor also weighs in favor of reassessment.

With respect to the main gravamen of the criminal conduct, the facts of the case are unchanged. Appellant still unlawfully collected over $57,000 of BAH whether characterized as a single crime or multiple offenses. This factor weighs in favor of reassessment.

Finally, appellate judges are generally familiar with the offense of larceny of military property or allowances. There was nothing particularly unique or unusual about this case, and the same evidence was relevant on sentence re-

gardless of whether Appellant's crime was considered a single continuing offense or separate monthly thefts. This factor also weighs in favor of reassessment.

We find that reassessment is appropriate in this case. We further find that considering all of the evidence admitted, we can reliably determine the sentence that would have been imposed if the military judge had entered a finding of guilty excepting the words "on divers occasions." *See Sales*, 22 M.J. at 307. We find the sentence would have been the same as the one adjudged at trial and approved by the convening authority. Accordingly, we reassess the sentence as adjudged.

## III. CONCLUSION

The findings of guilty to Charge V and its Specification are affirmed except the words, "on divers occasions." The finding as to the excepted words are **SET ASIDE** and **DISMISSED WITH PREJUDICE**. The approved findings, as modified, and the sentence, as reassessed, are correct in law and fact, and no further error materially prejudicial to the substantial rights of Appellant occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c). Accordingly, the findings, as modified, and the sentence, as reassessed, are **AFFIRMED**.

FOR THE COURT

CAROL K. JOYCE
Clerk of the Court