UNITED STATES, Appellant

v.

Randy P. MASON, Master Sergeant
U.S. Air Force, Appellee.

No. 96–5004.
Crim.App. No. 31015.

U.S. Court of Appeals for
the Armed Forces.

Argued Nov. 7, 1996.

Decided Jan. 22, 1997.

For the Accused: *Frank J. Spinner* (argued); *Colonel Jay L. Cohen* and *Captain Richard D. Desmond* (on brief).

For the United States: *Major Allen G. Erickson* (argued); *Colonel Jeffery T. Infelise* (on brief); *Colonel Theodore J. Fink.*

PER CURIAM:

■ The Judge Advocate General of the Air Force certified the following question for our consideration:

WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED BY CONSIDERING EVIDENCE FROM OUTSIDE THE RECORD OF TRIAL IN DETERMINING FACTUAL SUFFICIENCY, CONTRARY TO ARTICLE 66(C), UCMJ, AND *UNITED STATES V. BETHEA,* 22 USCMA 223, 46 CMR 223 (1973).

We answer the question in the negative and affirm.*

A Court of Criminal Appeals is vested with powers unique to an appellate court. According to Article 66(c), Uniform Code of Military Justice, 10 USC § 866(c):

In a case referred to it, the Court of Criminal Appeals may act only with respect to the findings and sentence as approved by the convening authority. It may affirm only such findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in law and fact and determines, on the basis of the entire record, should be approved. In considering the record, it may weigh the evidence, judge the credibility of witnesses, and determine controverted questions of fact, recognizing that the trial court saw and heard the witnesses.

---

* Appellant was tried by a military judge sitting alone as a general court-martial at Tyndall Air Force Base, Florida. Contrary to his pleas, he was convicted of sodomy and committing indecent acts with a child, in violation of Articles 125 and 134, Uniform Code of Military Justice, 10 USC §§ 925 and 934, respectively. He was sentenced to a dishonorable discharge, confinement for 8 years, total forfeitures, and reduction to the lowest enlisted pay grade. The Court of Criminal Appeals set aside the findings and sentence and dismissed all of the charges in an unpublished opinion.

■ The Government challenges the decision of the Court of Criminal Appeals as a matter of law by relying upon *United States v. Bethea,* 22 USCMA 223, 46 CMR 223 (1973). That case limits review under Article 66(c) to a review of the facts, testimony, and evidence presented at the trial, and precludes a Court of Criminal Appeals from considering "extra-record" matters when making determinations of guilt, innocence, and sentence appropriateness. *Bethea, supra* at 225. To buttress its argument that the Court of Criminal Appeals erred by relying upon matters outside the record of trial, the Government points to several paragraphs in that court's lead opinion that discuss polygraph evidence not admitted at trial. The Government also shows us two sentences in Chief Judge Dixon's concurring opinion that contain the word "polygraph." With all due respect to the Government's argument, we are totally unconvinced that the Court of Criminal Appeals erred.

First of all, the Court below clearly stated that it was reviewing the case for factual sufficiency. It is undisputed that military judges are presumed to know the law and to follow it, absent clear evidence to the contrary. *United States v. Prevatte,* 40 MJ 396, 398 (CMA 1994), citing *United States v. Vangelisti,* 30 MJ 234 (CMA 1990). Certainly, appellate judges of the Courts of Criminal Appeals are deserving of no less a presumption.

Secondly, the lead opinion below demonstrates that the two judges who agreed that the evidence was not factually sufficient to sustain the conviction did not consider the polygraph evidence when making that determination. The lead opinion clearly states, "Furthermore, we have made a conscious effort not to be influenced by the inadmissible exculpatory polygraph." Unpub. op. at 4, 1996 WL 104904. We know of no proposition of law that would allow us to disbelieve this assertion absent clear and convincing evidence to the contrary.

We are satisfied that the Court of Criminal Appeals did not stray from its statutory charter in its review of this case. Accordingly, the certified question is answered in the negative.

The decision of the United States Air Force Court of Criminal Appeals dismissing the charges is affirmed.