# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist CHRISTOPHER B. HUKILL**
**United States Army, Appellant**

ARMY 20140939

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Susan K. Arnold, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Captain Heather L. Tregle, JA; Captain Katherine L. DePaul, JA (on brief); Lieutenant Colonel Melissa R. Covolesky, JA; Captain Katherine L. DePaul, JA (on reply brief).

For Appellee:  Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Anne C. Hsieh, JA (on brief).

16 August 2016

-----------------------------------------------------------------
MEMORANDUM OPINION ON FURTHER REVIEW
-----------------------------------------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

TOZZI, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape and one specification of abusive sexual contact in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. 920  (2012).  The military judge sentenced appellant to a dishonorable discharge, confinement for seven years, forfeiture of all pay and allowances, and reduction to the grade of E-1.  The convening authority approved the sentence as adjudged.

This case is before this court for review pursuant to Article 66, UCMJ.  On 9 August 2016, we affirmed the findings and sentence in the case.  In so doing, we found no merit in appellant's assigned error claiming ineffective assistance of counsel.  We also summarily found the matters raised by appellant pursuant to

*United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), did not warrant relief. On 10 August 2016, appellant's counsel moved this court for reconsideration in light of appellant's *Grostefon* claim that the military judge improperly considered evidence under Military Rule of Evidence [hereinafter Mil. R. Evid.] 413, citing our superior court's decision in *United States v. Hills*, 75 M.J. at __, 2016 CAAF LEXIS 512 (C.A.A.F. 2016). On 11 August 2016, we denied this motion. Later on the same day, after denying the motion, we received a Motion for Leave to File Out of Time Supplemental *Grostefon* matters on behalf of appellant, again asserting the military judge erred by considering evidence under Mil. R. Evid. 413, also citing *Hills*. We hereby grant appellant's motion and have considered the *Grostefon* matters filed out of time. In so doing, we now grant appellant's request for reconsideration of our prior decision in this case. We find the matters raised personally by appellant warrant discussion, but do not warrant relief.

## BACKGROUND

Appellant stands convicted of sexually assaulting AB and HG.

After arraignment but before trial on the merits, the government moved in limine to allow the use of evidence of appellant's rape of HG for purposes of Mil. R. Evid. 413 as related to the abusive sexual contact of AB. Trial defense counsel opposed this motion, as well as the use of the standard instructions for use of Mil. R. Evid. 413 evidence and spillover contained in Dept. of Army Pam. 27-9, Legal Services: Military Judges' Benchbook [hereinafter Benchbook], paras. 7-13-1, note 4.2, 7-17 (1 Jan. 2010). On 20 October 2014, the military judge ruled the government could use the charged sexual offenses involving HG and AB as propensity evidence for each other under Mil. R. Evid. 413.

On 10 December 2014, prior to trial on the merits, appellant elected to have his case heard by the military judge, sitting alone. After hearing the evidence and arguments from both trial and defense counsel, the military judge found appellant guilty of both Specifications of the Charge.

## LAW AND DISCUSSION

Appellant argues our superior court's holding in *Hills* is controlling in this case and warrants a reversal of the military judge's findings of guilty and sentence. We disagree.

In *Hills*, our superior court found it error for the military judge, in a members trial, to admit charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit the charged offenses. *Hills*, 75 M.J. at ___, 2016 CAAF LEXIS 512 at *13-14.

> Quite simply, we hold not only that charged offenses are not properly admitted under M.R.E. 413 to prove a propensity to commit the charged offenses, but also that the muddled accompanying instructions implicate "fundamental conceptions of justice" under the Due Process Clause by creating the risk that the members would apply an impermissibly low standard of proof, undermining both "the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt[.]"

*Id.* 75 M.J. at __, 2016 CAAF LEXIS 512 at *18 (citing *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)).

This case is far different than *Hills* as appellant elected to be tried by a military judge sitting alone. Although the military judge earlier in the proceeding ruled that the government could use propensity evidence in a manner found to be in error in *Hills*, this ruling became moot by virtue of appellant's election for a bench trial. We do not share appellant's concern that his "presumption of innocence" was somehow eroded by the military judge's consideration of propensity evidence. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson,"* 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We are satisfied that his view on the admissibility of propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt. We find no risk that the military judge would apply an impermissibly low standard of proof concerning both the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt. Simply put, we find nothing in the record to suggest that the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against the appellant.

## CONCLUSION

On consideration of the entire record, including the matters personally raised by the appellant pursuant to *Grostefon*, the findings and sentence as approved by the convening authority are again AFFIRMED.

Judge CELTNIEKS and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3