# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Private First Class DOUGLAS E. REYNOLDS, JR.**
**United States Army, Appellant**

ARMY 20140856

Headquarters, Fort Campbell
Steven E. Walburn, Military Judge
Colonel Susan K. Arnold, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher Daniel Carrier, JA (on brief); Major Andres Vazquez, Jr., JA.

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Cormac M. Smith, JA; Captain Linda Chavez, JA (on brief).

5 January 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of abusive sexual contact and one specification of sexual abuse of a child in violation of Articles 120 and 120b, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 920b (2012 & Supp. I 2014) [hereinafter UCMJ]. The military judge sentenced appellant to a bad-conduct discharge, confinement for eighteen months, total forfeiture of all pay and allowances, and a reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On 17 June 2016, this court summarily affirmed the findings and sentence in this case. *United States v. Reynolds*, ARMY 20140856 (Army Ct. Crim. App. 17 Jun. 2016) (unpub.). On 30 September 2016, the Court of Appeals for the Armed Forces granted appellant's petition for grant of review and set aside our decision and remanded the case to this court for consideration of the granted issue in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Reynolds*, No.

REYNOLDS—ARMY 20140856

16-0697/AR, 2016 CAAF LEXIS 793. On 14 October 2016, the record of trial was returned to this court for further review.

As a result, this case is again before us for review pursuant to Article 66, UCMJ. After considering the additional pleadings submitted by the parties and the entire record in light of our superior court's holding in *Hills*, we are convinced appellant's conviction is legally and factually sufficient.

## BACKGROUND

Appellant stands convicted of sexually assaulting twelve year-old Ms. AL and Sergeant First Class (SFC) YM at a family gathering near Fort Campbell where appellant was assigned.

After arraignment, but before trial on the merits, the government moved in limine to allow the use of evidence of the charge against Miss AL "to help prove" the charge against SFC YM. Trial defense counsel opposed this motion. The military judge ruled that the government could use the charged sexual offenses involving Ms. AL and SFC YM as propensity evidence for each other under Mil. R. Evid. 413.

On 5 November 2014, prior to trial on the merits, appellant elected to have his case heard by the military judge, sitting alone. After hearing the evidence and arguments from both trial and defense counsel, the military judge found appellant guilty of the charges and their specifications.

## LAW AND DISCUSSION

Appellant argues our superior court's holding in *Hills* is controlling in this case and warrants a reversal of the military judge's findings of guilty. We disagree.

In *Hills*, our superior court found it error for the military judge, in a members trial, to admit charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit the charged offenses. 75 M.J. at 355.

> Quite simply, we hold not only that charged offenses are not properly admitted under M.R.E. 413 to prove a propensity to commit the charged offenses, but also that the muddled accompanying instructions implicate "fundamental conceptions of justice" under the Due Process Clause by creating the risk that the members would apply an impermissibly low standard of proof, undermining both "the presumption of innocence and the

2

> requirement that the prosecution prove guilt beyond a
> reasonable doubt[.]"

*Id.* at 357 (citing *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)).

*Hills* involved two offenses against a single victim that occurred over the span of two hours on one night. The case relied heavily on the testimony of the victim who, at the time of assault, was heavily intoxicated and in and out of consciousness. DNA evidence in the case also proved inconclusive.

We have considered our superior court's decision in *Hills* and find the present case is distinguishable on many fronts. First, appellant elected to be tried by a military judge sitting alone. Second, although the assaults occurred the same night, appellant sexually assaulted two victims on separate occasions. Appellant first assaulted Ms. AL after she went to sleep on the floor of her cousin's bedroom. Appellant entered the bedroom and rubbed Ms. AL's buttocks and breast. Ms. AL woke up, walked out to a living room where her mother (SFC YM) and uncle were sleeping after a night of drinking, and decided not to wake them. AL then returned to her cousin's bedroom and laid down in an unoccupied upper bunk bed, where she eventually fell back to sleep. After assaulting Ms. AL appellant retreated to the basement, where he was to sleep for the night. Appellant then proceeded back upstairs to the living room and touched the breast of SFC YM under her shirt and bra. SFC YM then flailed her arms at appellant, who SFC YM then saw move away. SFC YM then fell back to sleep. Appellant then grabbed the breast of SFC YM again. SFC YM again flailed her arms at appellant and saw appellant move to the other side of the room where he began to do push-ups. SFC YM then fell back to sleep. The assaults of Ms. AL and SFC YM are clearly separate criminal acts against two different victims, and not in any way a part of the same criminal course of conduct. Third, SFC YM and Ms. AL's memories of appellant's assault were clear and compelling. For these reasons this case is distinguishable from the facts and holding in *Hills*.

Although the military judge earlier in the proceeding ruled that the government could use propensity evidence in a manner found to be in error in *Hills*, this ruling became moot by virtue of appellant's election for a bench trial. We do not share appellant's concern that his "presumption of innocence" was somehow eroded by the military judge's consideration of propensity evidence. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson,"* 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We are satisfied that the military judge's erroneous view on the admissibility of propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt. We find no risk that the military judge would apply an impermissibly low standard of proof concerning both the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt. Simply put, we find nothing in

the record to suggest that the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against the appellant.

## CONCLUSION

On consideration of the entire record, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court