# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist VINCENT P. DEGREGORI III**
**United States Army, Appellant**

ARMY 20150581

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Colonel Steven C. Henricks, Staff Judge Advocate

For Appellant: Colonel Mary J. Bradley, JA; Captain Heather L. Tregle, JA; Captain Matthew L. Jalandoni, JA (on brief); Major Christopher D. Coleman, JA; Captain Matthew L. Jalandoni, JA (on reply brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Austin L. Fenwick, JA (on brief).

10 January 2017

----------------------------------
SUMMARY DISPOSITION
----------------------------------

CAMPANELLA, Senior Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his plea, of one specification of sexual assault, in violation of Article 120 Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for five years, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ. Appellant raises one allegation of error, which merits discussion but not relief. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982) and find them to be without merit.

## LAW AND DISCUSSION

Appellant cites *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016) to assert the military judge abused his discretion by granting the government's motion to use charged offenses for Military Rule of Evidence [Mil. R. Evid.] 413 purposes with respect to The Charge. The government charged appellant with two Article 120, UCMJ, specifications involving two different soldiers. The military judge found the strength of the proof of both specifications was substantial and he found each specification to be probative against the other specification because of the similarities. However, he convicted appellant of only one specification; he found appellant not guilty of the other specification.

This case is far different than *Hills* as appellant elected to be tried by a military judge sitting alone. *See United States v. Hukill*, ARMY 20140939, 2016 CCA LEXIS 505, (Army Ct. Crim. App. 16 Aug. 2016); *United States v. Hazelbower*, ARMY 20150335, 2016 CCA LEXIS 605, (Army Ct. Crim. App. 12 Oct. 2016); and *United States v. Aguiar-Perez*, ARMY 20140715, 2016 CCA LEXIS 655, (Army Ct. Crim. App. 13 Oct. 2016). We do not share appellant's concern that his "presumption of innocence" was somehow undermined by the military judge's consideration of propensity evidence. This is especially true given the strength of the evidence against appellant with respect to the charge of which he was convicted. Appellant admitted via text to having sexual intercourse with the victim and, without prompting, told an acquaintance on staff duty right after the sexual intercourse that he was concerned he would be accused of rape.

"Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We are satisfied the military judge's view on the admissibility of propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt. This conclusion is supported by the fact that the military judge found appellant not guilty of one of the two specifications. We find no risk the military judge would apply an impermissibly low standard of proof concerning both the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt. Simply put, we find nothing in the record to suggest the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against the appellant.

## CONCLUSION

The finding of guilty and the sentence are AFFIRMED.

Judge HERRING and Judge PENLAND concur.

DEGREGORI—ARMY 20150581



FOR THE COURT:

JOHN P. TAITT
Deputy Clerk of Court

3