# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant ARTURO A. TAFOYA**
**United States Army, Appellant**

ARMY 20140798

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Lieutenant Colonel Derek D. Brown, Staff Judge Advocate

For Appellant:  Major Christopher D. Coleman, JA; Captain Jennifer K. Beerman, JA (on brief).

For Appellee:  Major Daniel D. Derner, JA (on brief).

14 February 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

PENLAND, Judge.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of fraternization and three specifications of abusive sexual contact, in violation of Articles 92 and 120, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for twenty-one months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Reviewing the case under Article 66, UCMJ, we previously affirmed the findings of guilty and the sentence on 5 February 2016.  *United States v. Tafoya*, ARMY 20140789 (Army Ct. Crim. App. 5 Feb. 2016).  We considered the matters personally submitted by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982); they lack merit.  On 8 August 2016, in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016), our superior court set aside our decision and remanded the case for our consideration of whether the military judge

unconstitutionally applied Military Rule of Evidence [hereinafter Mil. R. Evid.] 413 by determining a factfinder could find by a preponderance of the evidence that appellant committed each of the acts alleged in the three abusive sexual contact specifications. *United States v. Tafoya*, USCA Dkt. No 16-0369/AR, ARMY 20140789 (C.A.A.F. 8 Aug. 2016).

At arraignment, appellant elected trial by military judge alone. Shortly afterward, the military judge acknowledged the government's notice of intent and motion to use evidence of each specification of abusive sexual contact as evidence of appellant's propensity to commit the other two specifications of abusive sexual contact. The military judge deferred ruling until after presentation of evidence and before closing arguments. Over defense opposition, the military judge granted the motion to allow the government to use propensity evidence in a manner found to be in error in *Hills*.

After hearing the evidence and arguments from both parties, the military judge found appellant guilty of both charges and their specifications. Appellant argues our superior court's holding in *Hills* warrants setting aside and dismissing Charge I and its specifications. We disagree.

In *Hills*, our superior court found error where a military judge, in a panel trial, admitted evidence of charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit other charged offenses. *Hills*, 75 M.J. at 355-56.

> Quite simply, we hold not only that charged offenses are not properly admitted under [Mil. R. Evid.] 413 to prove a propensity to commit the charged offenses, but also that the muddled accompanying instructions implicate "fundamental conceptions of justice" under the Due Process Clause by creating the risk that the members would apply an impermissibly low standard of proof, undermining both "the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt[.]"

*Id.* 75 M.J. at 357 (citing *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)).

This case is significantly different, for appellant elected to be tried by a military judge sitting alone. We harbor no concern that appellant's constitutional rights, including the presumption of innocence, were somehow eroded by the military judge's consideration of propensity evidence. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary."

*United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We are satisfied the military judge's view on the admissibility of propensity evidence under Mil. R. Evid. 413 was harmless beyond a reasonable doubt. *United States v. Hukill*, ARMY 20140939, 2016 CCA LEXIS 505 (Army Ct. Crim. App. 16 Aug. 2016). We find no risk that the military judge's decision diluted the presumption of innocence or the requirement that the prosecution prove guilt beyond a reasonable doubt. Simply put, we find nothing in the record to suggest the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against appellant.

The findings and sentence as approved by the convening authority are correct in law and fact and should be approved; they are AFFIRMED.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court