# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant DWIGHT D. HARRIS, JR.**
**United States Army, Appellant**

ARMY 20131045

Headquarters, Joint Readiness Training Center and Fort Polk
Wade N. Faulkner, Military Judge (arraignment)
Gregory A. Gross, Military Judge (motions hearing & trial)
Colonel Samuel A. Schubert, Staff Judge Advocate

For Appellant: Lieutenant Colonel Charles D. Lozano, JA; Major Aaron R. Inkenbrandt, JA; Captain Heather L. Tregle, JA (on brief); Lieutenant Colonel Charles D. Lozano, JA; Lieutenant Colonel Jonathan F. Potter, JA; Captain Heather L. Tregle, JA (on reply brief and Petition for New Trial).

For Appellee: Colonel Mark H. Sydenham, JA; Major Steven J. Collins, JA; Captain Linda Chavez, JA (on brief and response to Petition for New Trial).

28 February 2017

---------------------------------------------------
SUMMARY DISPOSITION ON REMAND
---------------------------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of carnal knowledge with a child under the age of twelve, one specification of aggravated sexual assault of a child who had attained the age of twelve years but had not attained the age of sixteen years, one specification of abusive sexual contact with a child, and one specification of sexual assault of a child in violation of Uniform Code of Military Justice Articles 120 and 120b, 10 U.S.C. §§ 920, 920b (2000 & Supp. V 2006; 2006 & Supp. IV 2011; 2006 & Supp. V 2012) [hereinafter UCMJ]. The military judge sentenced appellant to a dishonorable discharge, confinement for forty-five years, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On 27 July 2016, this court summarily affirmed the findings and sentence in this case. *United States v. Harris*, ARMY 20131045 (Army Ct. Crim. App. 27 Jul. 2016) (unpub.). On 20 September 2016, the Court of Appeals for the Armed Forces granted appellant's petition for grant of review and set aside our decision and remanded the case to this court for consideration of the granted issue in light of *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016). *United States v. Harris*, No. 16-0704/AR, 2016 CAAF LEXIS 763 (C.A.A.F. 20 Sept. 2016) (unpub.). On 22 September 2016, the record of trial was returned to this court for further review.

As a result, this case is again before us for review pursuant to Article 66, UCMJ. After considering the additional pleadings submitted by the parties and the entire record in light of our superior court's holding in *Hills*, we are convinced appellant's conviction is legally and factually sufficient.

## BACKGROUND

Appellant stands convicted of sexually assaulting his step-daughter, TCG, on different occasions starting when she was seven years old; she was thirteen years old the last time appellant sexually assaulted her. TCG disclosed these sexual assaults to her maternal grandmother. Appellant was found not guilty of the charge and specification related to the sexual assault of his other step-daughter, TDG.

After arraignment, but before trial on the merits, the government moved in limine to allow the use of evidence of the charged offenses as propensity evidence for the other charged offenses. Defense counsel opposed this motion. After the government filed its motion, but before arguments were heard, the government moved to dismiss several of the charged offenses. At an Article 39(a), UCMJ, session on 21 November 2013, appellant elected to have his case heard by the military judge sitting alone. The written request was signed on 5 December 2013. During that same Article 39(a), UCMJ, session, the military judge addressed the government's motion regarding Military Rule of Evidence [hereinafter Mil. R. Evid.] 414 as follows:

> Let me go back to the 414 issue. So, I asked the government if the 414 notice was all charged misconduct or if it included uncharged misconduct. And so, what happened is apparently it was all charged when the government gave notice. Now, because of some of the specifications being dismissed, it might be some uncharged misconduct and the government is not one hundred percent sure that the victims, alleged victims, are going to talk about this stuff anyways. And so, now that it is judge alone, what we all decided would be the best course of action, I'm going to have to hear the evidence

2

anyways. And so, we will just wait until that time comes. I'll listen to the evidence then I will give you all a ruling. On the 414, obviously I'll give you an opportunity to be heard again if that's what you want to do.

During closing argument, the government stated:

Finally, there is MRE 414. If you find that, by a preponderance of the evidence that [appellant] sexually assaulted [TCG] on the 23 November incident, you can use that evidence as propensity evidence for these other incidents.

. . . And for the other sexual encounters, you have the propensity of [appellant] to commit sexual offenses against these victims by virtue of MRE 414.

After the government's closing argument, the military judge stated:

Let me make it clear on the record that, the way we left the 414 issue was that, since the trial went to a judge alone, I would listen to the evidence, because I would have to listen to it anyway, and then I would make on [sic] ruling on whether or not I was going to use it as 414 and I will let you know that at some point whether or not I'm going to. I still want to review all my notes.

After hearing the evidence and arguments from both trial and defense counsel, the military judge found appellant not guilty with respect to the sole charge and specification related to the sexual assault of TDG, but guilty of the remaining charges and specifications related to TCG. After announcing findings, the military judge stated:

I did consider the offenses alleged in Specification 3 of Charge II and Specification 1 of Charge III, and the Specification of Additional Charge I as they related to each other for MRE 414 purposes but only as to those offenses.

## LAW AND DISCUSSION

Appellant argues our superior court's holding in *Hills* is controlling in this case and warrants a reversal of the military judge's findings of guilty. We disagree.

In *Hills*, our superior court found it error for the military judge, in a members trial, to admit charged offenses as Mil. R. Evid. 413 evidence to show an appellant's propensity to commit the charged offenses. 75 M.J. at 355. Our superior court explained:

> Quite simply, we hold not only that charged offenses are not properly admitted under [Mil. R. Evid.] 413 to prove a propensity to commit the charged offenses, but also that the muddled accompanying instructions implicate "fundamental conceptions of justice" under the Due Process Clause by creating the risk that the members would apply an impermissibly low standard of proof, undermining both "the presumption of innocence and the requirement that the prosecution prove guilt beyond a reasonable doubt[.]"

*Id.* at 357 (quoting *United States v. Wright*, 53 M.J. 476, 481 (C.A.A.F. 2000)).

*Hills* involved multiple offenses against a single victim that occurred over the span of two hours on one night. The case relied heavily on the testimony of the victim who, at the time of assault, was heavily intoxicated and in and out of consciousness. The DNA evidence in the case also proved inconclusive.

We have considered our superior court's decision in *Hills* and find the present case distinguishable on many fronts. First, appellant elected to be tried by a military judge sitting alone. Second, although the assaults considered by the judge related to a single victim, they occurred over a span of years. Third, TCG's memories of appellant sexually assaulting her were clear as to how, when, where, and what offenses occurred. TCG testified that appellant would take off her clothes and have sex with her. TCG's definition of sex was "[w]hen a guy puts his penis into a girl's vagina." This testimony is both clear and compelling. Moreover, her testimony related to the 23 November 2012 sexual assault was corroborated by a Motel 6 receipt, wherein appellant paid cash for a room on that date despite the fact that it was only a three hour drive to their destination. For these reasons, this case is distinguishable from the facts and holding in *Hills*.

Although the military judge ruled the government could use propensity evidence in a manner found to be in error in *Hills*, this ruling became moot by virtue of appellant's election for a bench trial. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We are satisfied the military judge's erroneous view on the admissibility of propensity evidence under Mil. R. Evid. 414 was harmless beyond a reasonable doubt. We find no risk that the military judge would apply an

impermissibly low standard of proof concerning either the presumption of innocence or the requirement that the prosecution prove guilt beyond a reasonable doubt. In short, we find nothing in the record to suggest the military judge did not hold the government to its burden of proving appellant's guilt beyond a reasonable doubt, or that the military judge applied a lesser standard in adjudicating the charges against appellant.

## CONCLUSION

On consideration of the entire record, the findings and sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court