CORRECTED COPY

# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and WOLFE
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist KENDRICK A. WOOLSEY**
**United States Army, Appellant**

ARMY 20150432

Headquarters, 82d Airborne Division (Rear)(Provisional)
Deidra A. Fleming, Military Judge (arraignment)
Christopher T. Fredrickson (trial)
Lieutenant Colonel Dean L. Whitford, Staff Judge Advocate

For Appellant:  Colonel Mary J. Bradley, JA; Lieutenant Colonel Christopher D. Carrier, JA; Captain Cody Cheek (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Cormac M. Smith, JA; (on brief).

24 October 2017

---------------------------------
SUMMARY DISPOSITION
---------------------------------

SALUSSOLIA, Judge:

In this appeal we consider, but reject, appellant's claim that the military judge applied an impermissibly low *mens rea* standard in finding appellant guilty of sexual assault by bodily harm.  Rather, we see the issue here as one of legal and factual sufficiency and affirm appellant's conviction.

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sexual assault, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].[1]

---

[1] The military judge acquitted the appellant of three specifications of sexual assault, one specification of indecent exposure, one specification of conspiracy to obstruct justice and one specification of obstructing justice.

The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for nine years, and reduction to the grade of E-1.

We review this case under Article 66, UCMJ. Appellant assigned three errors, one of which merits discussion, but no relief. [2]  We have also considered the matters personally asserted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), to include an allegation of ineffective assistance of counsel because only one witness was called on appellant's behalf during findings, and conclude appellant's *Grostefon* matters do not warrant relief. [3]

## BACKGROUND

Appellant and Private First Class (PFC) DC met each other for the first time on the night that appellant sexually assaulted her. Both appellant and PFC DC

---

[2] The other two assignments of error raised by appellant are: (1) the charge for which appellant was convicted is factually insufficient because the evidence presented showed appellant had a reasonable mistake of fact that Private First Class DC consented to the sexual act, and; (2) the military judge erroneously admitted two video recordings. Neither warrant relief. Regarding the admission of the two video recordings we review a military judge's ruling on evidence for an abuse of discretion. *United States v. Ediger*, 68 M.J. 243, 248 (C.A.A.F. 2010) (citation omitted). "The abuse of discretion standard is a strict one, calling for more than a mere difference of opinion. The challenged action must be arbitrary, fanciful, clearly unreasonable, or clearly erroneous." *United States v. White*, 69 M.J. 236, 239 (C.A.A.F. 2010) (quoting *United States v. Lloyd*, 69 M.J. 95, 99 (C.A.A.F. 2010)) (internal quotation marks omitted). We find that the military judge did not abuse his discretion by admitting the videos into evidence. Private First Class DC's description of herself, identification of plaintiff and recognition of the location, along with appellant's admissions that a video recording was made of them engaging in sexual intercourse at that location was sufficient evidence to support the military judge's findings that the items were what the proponent claimed them to be and the probative value was not substantially outweighed by a danger of unfair prejudices. *See* Military Rule of Evidence 403.

[3] Appellant in his brief to this court goes on at some length about the government's lack of competence at trial. We agree that the government struggled throughout the trial with laying basic foundations for admitting their evidence. Appellant's defense team took full advantage of the government's struggles throughout the trial. A substantial amount of government evidence was not admitted, which likely contributed to appellant's acquittal of six of the specifications. We find the defense counsels' strategy at trial soundly sought to seek advantage of the government's lack of competence. Accordingly, we do not find appellant has met his burden of establishing that his counsel were deficient.

attended a party in a wooded area next to a lake on Fort Bragg, North Carolina.  The gathering started in the evening and ended the next morning.  Both the appellant and PFC DC were drinking.  Witnesses describe PFC DC as being in an intoxicated state.

Private First Class DC could recall little of what occurred that night.  She remembered arriving at the party with an NCO, talking to the appellant and consuming some alcohol.  She remembered swimming in the lake with the appellant and that she was partially clothed.  She did not recall how she got in the lake or who removed most of her clothing.  Her recollection of the following morning was also limited.  She did not recall who drove her or how she got to her barracks room.  She recalled waking up later that day clothed and vomiting.  She described her condition as being extremely hungover.  She also did not recall how the shoes she was wearing that night became lost, nor how the underwear she was wearing was put on incorrectly.

Appellant admitted to U.S. Army Criminal Investigation Command (CID) Special Agent DP that he met a girl with PFC DC's first name at the lake.  He further claimed that he had consensual sexual intercourse with her on two occasions that night at the lake, once in a grassy area and once in the bed of a pickup truck.  Appellant admitted that she was intoxicated and described her as having slurred speech and stumbling about.  He admitted that she was less functioning than himself and he had to assist her around.  He also characterized her as being "loosened" and "dazed' while they had sex.  Appellant admitted another soldier, SPC ZW, used a phone to video record appellant having sexual intercourse with PFC DC.

During the findings portion of the trial, the government's evidence included two video recordings depicting appellant sexually assaulting PFC DC.  One video clearly shows PFC DC, unclothed except for her bra, lying on her back on the grass with appellant positioned on top of her.  Private First Class DC appears unresponsive, with her eyes shut and hands generally limp, while appellant kisses her, removes her bra to expose her breasts, and engages in sexual intercourse with her.  Private First Class DC remains unresponsive throughout.  The second video also clearly depicts appellant continuing to engage in sexual intercourse with PFC DC while the latter is unresponsive and otherwise gives no visual or verbal indication of consent.

## LAW AND ANALYSIS

Appellant was convicted of one specification of sexual assault by bodily harm.  The elements for a violation of Article 120, UCMJ are: (1) that the accused committed a sexual act upon another person by; (2) causing bodily harm to that other person. *Manual for Courts-Martial, United States* (2012 ed.) [hereinafter *MCM*], pt. IV ¶45.a.(b)(1)(B).  In pertinent part, a sexual act is: "contact between the penis and the vulva . . . and for purposes of this subparagraph contact involving the penis occurs upon penetration, however slight[.]"  *Id.* at ¶ 45.a.(g)(1)(A).  Bodily harm is

"any offensive touching of another, however slight, including any nonconsensual sexual act or nonconsensual sexual contact." *Id.* at ¶ 45.a.(g)(3). In appellant's case, the sexual act—penetrating PFC DC's vulva with his penis—was also the very same bodily harm caused.

For the first time on appeal appellant asserts that the Military Judge's Benchbook instructions on the elements for sexual assault by bodily harm and the scienter for a mistake of fact defense are insufficient in light of *Elonis v. United States* 135 S. Ct. 2001 (2015), and *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016).[4] *See* Dep't of Army, Pam. 27-9, Legal Services: Military Judge's Benchbook [hereinafter Benchbook], para. 3-45-14 (10 Sept. 2014). Specifically, appellant asserts *Elonis* and *Gifford* require a *mens rea* of at least recklessness for the "material element of consent" and that because the military judge "did not eschew the insufficient theory of liability promulgated in the [B]enchbook … this court cannot be confident that [appellant] was convicted under a sufficient theory of liability."[5] Appellant requests the court to dismiss the specification and charge for which he was found guilty.

Appellant frames the issue as one of legal error by the military judge. "Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We find nothing in the record to suggest that the military judge applied an impermissibly low *mens rea* standard in adjudicating the charges against the appellant of sexual assault by bodily harm. Instead, we view the issue as one of legal and factual sufficiency of the evidence. However, even if we were to apply a recklessness standard in this case, as appellant suggests, we would still find the offense for which appellant was found guilty factually sufficient.

Recklessness requires an accused "knew that there was a substantial and unjustifiable risk that the social harm the law was designed to prevent would occur and ignored this risk when engaging in the prohibited conduct." See *United States v.*

---

[*4] Appellant's trial was conducted on 1 through 3 June 2015; *Elonis* was decided on 1 June 2015.

[5] The current definition of "bodily harm" under Article 120(g)(3), UCMJ, includes the term "nonconsensual," which indicates that Congress intended to retain lack of consent as a relevant fact sufficient in many cases to delineate innocent sexual activity from wrongful criminal conduct. Accordingly, it is more precise to treat "lack of consent" as a potential subsidiary fact with respect to the element of bodily harm, rather than a distinct element of the offense. *See United States v. Neal*, 68 M.J. 289, 300 (C.A.A.F. 2010).

[*] Corrected.

*Haverty*, 76 M.J.199, (C.A.A.F. 2017) (citing *Black's Law Dictionary* 1462 (10th ed. 2014)).  Here, appellant's misconduct of having sexual intercourse with PFC DC while she gave no indication of consenting was clearly reckless.

Private First Class DC was described by a witness as being very intoxicated that night to the point where she was unable to hold her head up or walk. Appellant also admitted that the she was so intoxicated that she slurred her words, stumbled about and had to be assisted by him in walking.  Appellant characterized PFC DC as "loosened" and "dazed" while he was engaging in sexual intercourse with her.  Most critically, the videos clearly depict PFC DC lying on her back in an unresponsive state during the sexual assault and demonstrating no indication or awareness, let alone consent.  While we acknowledge, as appellant argues, that there appears to be a single muscle movement by PFC DC as her fingers contract around grass, the overwhelming focus of the video shows the appellant having sex with an unresponsive woman.  Based on the evidence contained in the record, it is clear that appellant had actual knowledge that PFC DC was not consenting to sexual intercourse.  Accordingly, whether the standard of *mens rea* is actual knowledge, recklessness, or something else, we find the evidence legally and factually sufficient to support the finding of guilty.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge WOLFE concur.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court