# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, SALUSSOLIA, and FLEMING
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private First Class KESHAWN A. FLOURNOY**
**United States Army, Appellant**

ARMY 20160451

Headquarters, 25th Infantry Division
Mark A. Bridges, Military Judge
Colonel William D. Smoot, Staff Judge Advocate
Colonel Ian R. Iverson, Staff Judge Advocate

For Appellant: Lieutenant Colonel Christopher D. Carrier, JA; Captain Katherine L. DePaul, JA; Captain Joshua B. Fix, JA (on brief).

For Appellee: Colonel Tania M. Martin, JA; Captain Austin L. Fenwick, JA; Captain Sandra L. Ahinga, JA (on brief).

8 February 2018

---------------------------------
SUMMARY DISPOSITION
---------------------------------

FLEMING, Judge:

In this case, we hold appellant's misconduct of engaging in sexual acts without the victim's consent was reckless and thereby uphold his conviction.

A military judge sitting as a general court-martial convicted appellant of two specifications of sexual assault in violation of Article 120, Uniform Code of Military Justice [UCMJ], 10 U.S.C. § 920 (2012). The convening authority approved the adjudged sentence of a dishonorable discharge, confinement for thirty-eight months, and reduction to the grade of E-1.

Appellant's case is before this court for review pursuant to Article 66, UCMJ. Appellant asserts one assigned error, which merits discussion but no relief. Appellant personally raises additional issues pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), which we find meritless.

**BACKGROUND**

Appellant and his roommate, Specialist (SPC) John Clow, worked in the same dining facility with SPC CH. While SPC CH and SPC Clow were close friends, appellant and SPC CH were mere work acquaintances. On 23 April 2015, all three individuals gathered in appellant and SPC Clow's barrack's room to consume alcohol. Specialist CH became intoxicated. Both SPC CH and SPC Clow described SPC CH as very drunk and said she "passed out" on SPC Clow's bed because of her alcohol consumption. Specialist CH remembered her shorts getting pulled down but being too drunk to move. She also remembered appellant penetrating her vulva with his penis and SPC Clow penetrating her mouth with his penis without her consent. Specialist CH did not remember appellant penetrating her vulva with his mouth.

Specialist Clow described the same scene as SPC CH and provided even greater incriminating details. Specialist Clow stated he and appellant watched SPC CH as she laid "passed out" and "not moving" on his bed with her face in his pillow. Appellant stated to SPC Clow, "I am going to eat her out." Specialist Clow watched appellant pull off SPC CH's shorts and put his face close to her vagina and SPC Clow heard a licking noise. Specialist CH remained unconscious. After approximately thirty seconds of oral sex, she made a "slight movement, wiggling, but nothing too drastic." Appellant then stopped performing oral sex, pulled up SPC CH's hips, and inserted his penis in her vulva. Specialist Clow then inserted his penis in her mouth and moved her head back and forth. Specialist Clow described SPC CH as being in a "drunk state" and not an "active participant" while the two men simultaneously penetrated SPC CH's vulva and mouth. After some amount of time, the two men went to change positions. Specialist Clow let go of SPC CH's head and it fell back onto the pillow.

After first denying to law enforcement that any sexual activity occurred with SPC CH, appellant radically revised his version of events and claimed SPC CH consented to all the sexual activity. Appellant's statement to law enforcement corroborated SPC CH and SPC Clow's testimony that SPC CH was intoxicated. Appellant believed SPC CH had consumed "at least 14 ounces" of hard liquor and stated she was "hammered." Appellant corroborated SPC CH and SPC Clow's testimony that he penetrated SPC CH's vulva with his penis. Appellant corroborated SPC Clow's testimony that appellant penetrated SPC CH's vulva with his mouth.

**LAW AND DISCUSSION**

Appellant was convicted of two specifications of sexual assault under Article 120, UCMJ. The pertinent elements for a violation of Article 120, UCMJ are: (1) that the accused committed a sexual act upon another person by (2) causing bodily harm to that other person. *Manual for Courts-Martial, United States* (2012 ed.) [*MCM*], pt. IV, ¶ 45.a.(b)(1)(B). A sexual act is "contact between the penis and the

vulva . . . [which] occurs upon penetration, however, slight" and "penetration, however slight, of the vulva . . . by any part of the body . . . with an intent to abuse, humiliate, harass, or degrade any person or to arouse or gratify the sexual desire of any person." *Id*. at ¶ 45(a)(g)(1). Bodily harm is "any offensive touching of another, however slight, including any nonconsensual sexual act or nonconsensual sexual contact." *Id*. at ¶ 45(a)(g)(3). Appellant's sexual acts of penetrating SPC CH's vulva with his penis and tongue were the same acts constituting the bodily harm.

While not raised at trial, on appeal appellant now asserts the Military Judge's Benchbook instructions on the elements for sexual assault by bodily harm and the scienter for a mistake of fact defense are insufficient in light of *Elonis v. United States*, 135 S. Ct. 2001 (2015), and *United States v. Gifford*, 75 M.J. 140 (C.A.A.F. 2016). * Dep't of Army Pam. 27-9, Legal Services: Military Judge's Benchbook [hereinafter Benchbook], para. 3-45-14, n. 10. Specifically, appellant asserts that *Elonis* and *Gifford* require a *mens rea* of at least reckless for the "material element of consent" and "the Benchbook led the military judge to apply the wrong *mens rea* to the charged offense." (Appellant Br. at 13). Appellant requests the court dismiss the specifications and charge for which he was found guilty.

"Military judges are presumed to know the law and to follow it absent clear evidence to the contrary." *United States v. Erickson*, 65 M.J. 221, 225 (C.A.A.F. 2007) (citing *United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997)). We do not find the military judge applied an impermissibly low *mens rea* standard in adjudicating the charges against appellant of sexual assault by bodily harm. Moreover, even if we applied a recklessness standard in this case, we would still find the offenses for which appellant was found guilty factually sufficient beyond any reasonable doubt.

A recklessness standard requires a *mens rea* where an accused "knew that there was a substantial and unjustifiable risk that the social harm the law was designed to prevent would occur and ignored this risk when engaging in the prohibited conduct." *See United States v. Haverty*, 76 M.J. 199 (C.A.A.F. 2017) (citing *Reckless*, Black's Law Dictionary (10th ed. 2014)). Here, appellant's misconduct of having sexual intercourse with SPC CH while she gave no indication of consent was clearly reckless.

Appellant, SPC Clow, and SPC CH all describe SPC CH as being intoxicated and "hammered." Specialist CH testified that she did not consent to any sexual activity with appellant. Most importantly, SPC Clow testified in detail as to his and appellant's sexual acts against SPC CH while she was "passed out," "not moving," and not engaged as an "active participant." Appellant also admitted to performing

---

* *Elonis* was decided before the commencement of appellant's court-martial.

all charged sexual acts against SPC CH, despite her lack of memory as to his performance of oral sex. Appellant's initial assertion that he did not engage in any sexual activity with SPC CH and his changed version of events that SPC CH consented to all the sexual activity is unbelievable in light of SPC Clow's and SPC CH's testimony. Based on the evidence contained in the record, we find appellant was well aware of the risk of SPC CH's non-consent to sexual activity. Appellant nonetheless chose to recklessly disregard this risk and penetrated SPC CH's vulva with his penis and mouth despite her lack of consent.

## CONCLUSION

The findings of guilty and the sentence are AFFIRMED.

Senior Judge CAMPANELLA and Judge SALUSSOLIA concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court