# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Sergeant CHRISTOPHER A. PAFFORD**
**United States Army, Appellant**

ARMY 20170057

Headquarters, Fort Drum
S. Charles Neill, Military Judge
Colonel Peter R. Hayden, Staff Judge Advocate

For Appellant:  Major Julie Borchers, JA; Captain Zachary Szilagyi, JA (on brief).

For Appellee:  Lieutenant Colonel Eric K. Stafford, JA; Major Wayne H. Williams, JA; Captain KJ Harris, JA (on brief).

19 September 2018

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

SALUSSOLIA, Judge:

Appellant asserts on appeal that his trial defense counsel was constitutionally ineffective.  Appellant's brief fails on its face to establish the claim and we therefore deny any relief.

A military judge sitting as a general court-martial, convicted appellant contrary to his plea, of abusive sexual contact, in violation of Article 120, Uniform Code of Military Justice, 10 U.S.C. § 920 (2012) [hereinafter UCMJ].  The convening authority approved the adjudged sentence of a bad-conduct discharge, forty-five days confinement, and reduction to the grade of E-1.

This case is before us for review pursuant to Article 66, UCMJ.  We find the matters raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), to be meritless.

## BACKGROUND

In April 2016, appellant groped the breast of a fellow bar patron, near Fort Drum, New York. Unfortunately for appellant, his victim also happened to be an undercover law enforcement agent. Doubly worse for appellant, his crime was recorded on a security camera.

In June of 2016, appellant was interviewed by CID as part of the ongoing investigation, waived his rights, and denied any wrongdoing. Appellant's CID interview was also recorded.

At trial, appellant's defense counsel did not object to the admission of the three prosecution exhibits: Department of the Army Form (DA Form) 3881 containing appellant's June 2016 rights waiver; a disc containing appellant's recorded June 2016 CID interview; and, a disc containing video footage of the charged misconduct at the off-post bar.[1]

Appellant now asserts he was denied his Sixth Amendment right to effective assistance of counsel where his defense team failed to oppose the admission of evidence and presented an unreasonable defense strategy.[2]

## LAW AND DISCUSSION

### Standard of Review

Claims of ineffective assistance of counsel are reviewed de novo. *United States v. Gooch*, 69 M.J. 353, 362 (C.A.A.F. 2011). In evaluating allegations of ineffective assistance of counsel, we apply the standard set forth in *Strickland v. Washington*, 466 U.S. 668 (1984). This standard requires appellant to demonstrate: (1) that counsel's performance was deficient, and (2) that this deficiency resulted in prejudice. *Id.* Appellant bears the burden and must show counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. *Id.* at 687. The relevant issue is whether counsel's

---

[1] At arraignment appellant asserted his right to speedy trial and entered into a stipulation with the government to admit the three exhibits into evidence. The stipulation alleviated the government's need to call foundational witnesses in order to admit the evidence and enabled the appellant to have his case tried on the date he desired.

[2] Appellant was represented at trial by MAJ JK and CPT OC, members of the United States Army Trial Defense Service.

conduct failed to meet an "objective standard of reasonableness" such that it fell outside the wide range of professionally competent assistance. *Id*. at 688, 690. On appellate review, there is a strong presumption that counsel was competent. *United States v. Grigoruk*, 56 M.J. 304, 306-07 (C.A.A.F. 2002) (citing *Strickland*, 466 U.S. at 689).

### *Failure to Object to Physical Evidence*

Appellant asserts his defense counsel were ineffective for failing to oppose the admission of his DA Form 3881 rights waiver, his recorded CID interview, and the surveillance video depicting his misconduct because there was neither a tactical nor strategic reason for trial defense counsel to allow the uncontested admission of this evidence. We disagree.

An ineffective assistance claim based on a failure to object to the admission of evidence is tied to the admissibility of the underlying evidence. Our superior court has determined that "[w]hen a claim of ineffective assistance of counsel is premised on counsel's failure to make a motion to suppress evidence, an appellant must show that there is a reasonable probability that such a motion would have been meritorious." *United States v. McConnell*, 55 M.J. 479, 482 (C.A.A.F. 2001) (quoting *United States v. Napoleon*, 46 M.J. 279, 284 (C.A.A.F. 1997)). Given this standard, "the decisional issue is whether appellant has carried his burden to show that his counsel would have been successful if he had filed a timely motion preventing the admission" of the evidence. *United States v. Jameson*, 65 M.J. 160, 164 (C.A.A.F. 2007).

Appellant asserts "there is no legitimate tactical or strategic reason for trial defense counsel to allow the admission of the evidence."[3] We disagree. Appellant's argument would appear to require a defense counsel to never agree to the admission of government evidence.

The danger of requiring the government to authenticate and lay the foundation for each piece of evidence is obvious. The government may give the defense just what they asked for. Instead of the evidence being admitted with an unclear origin or with little fanfare, the government may lay a deep foundation that cements in the mind of the panel the credibility and trustworthiness of the evidence. A reasonable

---

[3] To the extent that appellant asserts that counsel must object for the sake of objecting, we reject this out of hand. Although counsel may defend the proceeding as to require every element of the case be established, counsel is not permitted to make frivolous objections. *See* Dep't of the Army, Regulation 27-26, Rules of Professional Conduct for Lawyers Rule 3.1 (June 28, 2018).

counsel may choose to stay seated rather than object to evidence that will likely be admitted in any event.

Also, a reasonable defense counsel may see an objection as unnecessarily highlighting the evidence in the mind of the panel. A panel member may ask, "What is so interesting that the defense doesn't want me to see it?" Moreover, while a panel member should not make an adverse inference against a party who objects, counsel may nonetheless want to engender credibility with the panel by painting themselves as honest brokers who have nothing to hide.

To be sure, the defense at trial may certainly put the government to its proof and require evidentiary foundations to be laid in each and every instance. In a rule-bound adversarial contest, each party may seek to enforce rules. However, the question before us is not *may* the defense object, the question is whether a counsel *must* object or risk violating the client's Sixth Amendment right to counsel. We easily conclude that a counsel need not object.

Thus, we turn to the question of whether the defense should have objected to this evidence, in this case. Critically, and the reason appellant's claim must fail, appellant does not assert any basis to object to the evidence. Appellant does not assert that the evidence was not relevant. Appellant does not claim the evidence was not authentic. Appellant does not assert the evidence was not admissible. Appellant, who bears the burden of proving a claim of ineffective assistance of counsel, has not explained why the evidence would not have been admitted.[4]

In a claim of ineffective assistance of counsel we could hold appellant to his burden and rely solely on his brief. However, the record also suggests these items of evidence would have been admissible in any event. First, appellant's DA Form 3881 rights waiver appears to be properly completed. The recorded CID interview supports this conclusion and clearly depicts that appellant was properly advised and knowingly waived his rights upon executing the form. Second, the recorded CID interview indicates that appellant's statements, none of which were admissions, were obtained after a proper rights waiver and were otherwise voluntary under a totality of the circumstances. Third, having reviewed SPC KK's testimony, we agree with

---

[4] While appellant claims that the trial defense counsel were ineffective for not stating an objection to the admission of the evidence at trial, we note appellant's brief similarly does not state the basis for any such objection.

defense counsel's affidavit that SPC KK would have authenticated the surveillance video permitting its admission.[5]

Finally, although not necessary for our analysis, we find that the affidavits submitted by the trial defense counsel offer sound reasons for not objecting to the admission of evidence. The defense demanded a speedy trial. The government did not oppose the defense request on the condition that the defense stipulate to the admission of evidence in order to obviate the need for foundational witnesses.

*Failure to Object to Mil. R. Evid. 404(b) Evidence*

Appellant also asserts his counsel were ineffective in failing to object to inadmissible testimony pursuant to Military Rule of Evidence (Mil. R. Evid.) 404(b). Specifically, appellant claims that his counsel failed to object to the government's line of questioning that sought testimony from SPC KK regarding conversations with appellant where he indicated a willingness to provide her prescription pain medication.[6]

Appellant has not met his burden of establishing ineffective assistance of counsel in this instance because he has made no showing that there is a reasonable probability that an objection to this line of government questioning would have been sustained under Mil. R. Evid. 404(b). In military practice, the seminal case is *United States v. Reynolds*, 29 M.J. 105 (C.M.A. 1989). Appellant does not cite *Reynolds*, or any other case for that matter, explaining why the testimony would have been prohibited given a timely objection. Nevertheless, a review of the record suggests otherwise in that the evidence at issue would likely not have been found inadmissible under Mil. R. Evid. 404(b).

Military Rule of Evidence 404(b) is taken without change from Federal Rule of Evidence (Fed. R. Evid.) 404(b). *See Manual for Courts-Martial, United States* (2012 ed.), Mil. R. Evid. 404(b) analysis at A22-34. In federal jurisprudence, courts have recognized that evidence of a bad act is not barred by Fed. R. Evid. 404(b)

---

[5] Major JK's affidavit not only offers sound tactical reasons for not opposing the evidence but also states why objecting to such evidence would have been unsuccessful. As to the surveillance video, MAJ JK states the video would have been admitted because SPC KK can authenticate it. Appellant offers nothing to contradict these conclusions.

[6] Contrary to appellant's assertion, the record reflects defense counsel did object to the government's initial question seeking this testimony based on relevancy, but was overruled by the military judge.

when it is so inextricably intertwined or intricately related to the charged misconduct that it helps the fact finder form a more complete picture of the criminal activity.

For example, the United States Court of Appeals for the Sixth Circuit in *United States v. Algee*, 599 F.3d 506 (6th Cir. 2010), concluded that evidence of a sting operation stemming from defendant's prior bad acts was not barred under Fed. R. Evid. 404(b). The court reasoned that the evidence of the sting operation was necessary to prevent jury confusion as to why the government had placed an exact amount of marked bills and stamps into the vending machine, which was the predicate for both the theft and false statement charges. *Id*. at 513-14. Similarly the United States Court of Appeals for the Seventh Circuit, in *United States v. Morris*, 498 F.3d 634, 641-42 (7th Cir. 2009), determined an officer's testimony, that there was a bench warrant for the defendant's arrest based on uncharged misconduct, was not barred by Fed. R. Evid. 404(b) because it was offered to show the officer's motive for stopping the van.

Here, the testimonial evidence of appellant's willingness to distribute drugs was offered by the government to explain SPC KK's actions as to why, as a member of the drug suppression team, she initiated contact with appellant and continued this contact even after being sexually assaulted by him. Because the testimonial evidence was offered to provide necessary context to what transpired and not to show appellant acted in conformity with a bad character trait, we believe it was admissible. We also note that military judges are presumed to know the law and follow it absent clear evidence to the contrary. *See United States v. Mason*, 45 M.J. 483, 484 (C.A.A.F. 1997). There is nothing in the record before us to rebut this presumption and to show that the military judge, serving as the finder of fact, considered this evidence for anything but a proper purpose.

*Unreasonable Defense Strategy*

Appellant asserts his defense counsel were ineffective claiming they presented two mutually exclusive theories; the main theory being that appellant did not touch the breast of SPC KK, or, in the alterative, appellant mistakenly believed that SPC KK consented to the touching. Appellant argues that it was simply unreasonable to offer the alternative defense of mistake of fact because it contradicted the main defense strategy. We disagree.

First, we cannot find material prejudice to appellant when, as counsel asserts, the defense offered the fact finder a *second* theory of innocence. In this judge-alone trial, the worst that could happen is that the military judge ignored the second theory. While a reasonable defense counsel may opt not to present contradictory theories to a panel, there is no similar danger when the accused has elected to be tried by a military judge.

Second, in the context of this trial the two theories were not contradictory. Throughout the trial, appellant's counsel asserted that appellant did not intentionally grab SPC KK's breast, as she claimed. In support of this assertion, counsel extensively attacked the government's case-in-chief, and appellant testified, adamantly denying he grabbed her breast.

According to MAJ JK's affidavit, the mistake of fact defense was only raised for the limited purpose of guarding against a finding of guilt based on appellant's initial moving of SPC KK's shirt to view the tattoo stretching from her sternum to the top of her breast. The initial movement of the shirt was done prior to the alleged grabbing of the breast. Appellant's counsel were concerned that the finder of fact would find the appellant's actions in moving her shirt could be construed as an attempted sexual assault. To preclude such a finding, defense counsel asserted that either SPC KK consented to appellant's actions, or he had a reasonable mistake of fact as to her consent based on her actions. In light of the evidence contained in the record, we agree with defense counsel and find that the theories did not conflict and that they were both objectively reasonable.

We do not measure deficiency based on the success of a trial defense counsel's strategy, but instead examine "whether counsel made an objectively reasonable choice in strategy" from the available alternatives. *United States v. Dewrell*, 55 M.J. 131, 136 (C.A.A.F. 2001) (quoting *United States v. Hughes*, 48 M.J. 700, 718 (A.F. Ct. Crim. App. 1998)). Similarly, we must remain mindful that counsel have "wide latitude . . . in making tactical decisions." *Cullen v. Pinholster*, 563 U.S. 170, 195 (quoting *Strickland*, 466 U.S. at 689). Thus, our scrutiny of a trial defense counsel's performance is "highly deferential," and we make "every effort . . . to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.

## CONCLUSION

On consideration of the entire record, the finding of guilty and the sentence are AFFIRMED.

FOR THE COURT:

SHELLEY GOODWIN-MATHERS
Acting Clerk of Court